**In re Paul W. PATTIE, Debtor.**

**Paul W. PATTIE, Plaintiff,**

**v.**

**Thelma A. PATTIE, Defendant.**

**Bankruptcy No. 88–1486–8B7.**
**Adv. No. 88–124–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 2, 1990.

Norman Davidson, Tampa, Fla., for plaintiff.

Arnold D. Levine, Tampa, Fla., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is the dischargeability vel non of an obligation imposed by a divorce decree upon Paul W. Pattie (Debtor) in the amount of $250,000. The original Complaint was filed by the Debtor and sought determination by this Court that a provision directing the Debtor to pay $250,000 "in order to effect equitable distribution and as a lump sum alimony" should be declared to be within the protective provisions of the general discharge. Thelma A. Pattie in due course filed an Answer which also included certain affirmative defenses. Thereafter, Mrs. Pattie also filed a Counterclaim which repeated the affirmative defenses. On October 27, 1988, this Court entered an Order granting the Debtor's Motion to Dismiss the Counterclaim with prejudice. Mrs. Pattie filed a timely Notice of Appeal which was initially dismissed by the District

Court sua sponte for lack of prosecution of the appeal. Ultimately, the District Court entered an Order on June 6, 1989, that reversed this Court's Order of Dismissal of the Counterclaim and remanded the adversary proceeding for further determination consistent with the Order. After several procedural matters not relevant here, this Court entered an Order on December 11, 1989, dismissing all claims asserted in the Counterclaim except Mrs. Pattie's claim that the debt owed to her should be declared nondischargeable based on § 523(a)(5) of the Bankruptcy Code. Of course, Mrs. Pattie's Counterclaim is nothing more than a denial of the Debtor's claim that the very same obligation is a dischargeable obligation.

On January 7, 1990, this Court entered an Order scheduling the final evidentiary hearing to consider the two claims of the parties. On February 21, 1990, the day before the scheduled trial, counsel for Mrs. Pattie filed a Motion to Continue the trial on the basis that counsel was outside of the state. This Court denied the Motion and directed the parties to proceed with the trial as scheduled. At the final evidentiary hearing, the following relevant facts were established.

The Debtor and Mrs. Pattie were married to each other on November 28, 1971. Their marriage produced three minor children, ages 11, 10 and 6, respectively. After having completed a tour of duty in the U.S. Air Force, the Debtor obtained employment as a telephone technician with General Telephone Company, and later with United Telephone Company. His wages were $6.00 per hour while working for General Telephone Company and $21,000.00 per year when he worked for the United Telephone Company. In the early 80's, the Debtor obtained employment with D. Pattie & Associates, Inc., a corporation which was controlled by his father at a salary of $40,-000.00 per year. Mrs. Pattie worked as a part-time employee for the United States Postal Service as a clerk. At the time of the divorce, Mrs. Pattie worked as a full-time employee for the United States Postal Service as a clerk, earning approximately $11.50 an hour.

Due to the marital difficulties, the Debtor and Mrs. Pattie separated in 1984. She moved out from the marital home, taking the three children to Plant City, Florida. The Petition of Dissolution of Marriage was filed by Mrs. Pattie on December 12, 1984 (Defendant's Exh. No. 3). In her Petition, she asked for dissolution of marriage, for the use and ownership of a certain automobile, and for the imposition of an equitable trust on the marital home and on a portion of land which had been used at that time by the mother of Mrs. Pattie. In addition, she sought an equitable distribution of the real and personal property unidentified, custody of the minor children, support for them, and for alimony pendite lite and permanent alimony based on accumulated earning power of certain family corporations.

In due course, the Debtor filed his Answer and the Counterpetition seeking a dissolution of the marriage, the exclusive use and possession of the marital home, custody of the children, an equitable distribution of joint total cash funds, a determination of the equities to a certain five acres of real property, and an equitable distribution of the assets and the good will of a business known as "The Plaster Shack".

On April 9, 1986, the Sixth Judicial Circuit Court in and for Pinellas County, Florida, entered a Final Judgment of Dissolution of Marriage. The Final Judgment provides in pertinent part:

1. The Debtor was entitled to custody of the children and exclusive possession of the marital home until the youngest child reaches her eighteenth birthday;

2. The demand of Mrs. Pattie for periodic and permanent alimony was denied;

3. As an equitable distribution and as lump sum alimony, the Final Judgment directed the Debtor to pay Mrs. Pattie the sum of $250,000.00. In addition, the Final Judgment provided that all tangible proper-

ty currently possessed by "either party" [sic] was to be owned by that party.

The record reveals that at the time of the divorce, the Debtor was earning $40,000 per year and was employed by D. Pattie Associates, a corporation controlled and owned by his father, even though a financial affidavit filed during the divorce indicated his gross annual earnings to be $57,200 annually (Defendant's Exh. No. 1).

Based on the foregoing facts, the Plaintiff contends that under applicable legal principles, the obligation created by the Final Judgment, described by the Circuit Court as a final distribution and lump sum alimony, was dischargeable and was not within the exceptive provisions of § 523(a)(5) in that it was not in the nature of alimony or support. Mrs. Pattie's contention is, of course, to the contrary. She contends that the evidence permits the conclusion, in spite of the fact that the Final Judgment expressly denied her request for permanent periodic alimony, the obligation imposed on the Debtor was, in fact, in the nature of alimony and support, and was, in fact, nondischargeable, under § 523(a)(5) of the Bankruptcy Code.

It has been traditionally recognized that what constitutes alimony, maintenance, or support will be determined under the bankruptcy laws, not State law. Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir.1974) are overruled, and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. *Notes of Committee on the Judiciary, House Report No. 95–595.*

■ Factors to be considered in determining whether an obligation is in the nature of alimony, support or maintenance include 1.) whether the obligation imposed on the spouse has a characteristic of support in that it is designed to rehabilitate or to assist the spouse's rehabilitation after the divorce; 2.) whether the obligation is subject to contingencies such as remarriage or death; 3.) whether payment appears to balance disparate incomes; 4.) whether the obligation is payable in installments or in lump sum; 5.) whether they are minor children; 6.) whether there was, in fact, a need for support at the time it was awarded; 7.) the structure of the terms of the final decree; 8.) whether the award is modifiable; 9.) the manner of enforcement of the award; and 10.) whether there was a division of property and debts. *In re Midnet*, 84 B.R. 776 (Bankr.M.D.1988); *In re Bell*, 47 B.R. 284 (Bankr.E.D.N.Y.1985); *In the Matter of Basile*, 44 B.R. 221 (Bankr. M.D.Fla.1984); *In the Matter of Rachmiel*, 19 B.R. 721 (Bankr.M.D.Fla.1982); *In the Matter of Newman*, 15 B.R. 67 (Bankr.M. D.Fla.1981). While none of these factors, taken alone, is controlling, they should be considered together in determining the nature of the obligation. Furthermore, a court will look to the substance of the agreement or the final decree dissolving the marriage rather than the label the parties elect to use or the label the court places on a particular obligation in determining the character of the debt. *In re Usher*, 442 F.Supp. 866 (N.D.Ga.1977).

■ In the case at hand, it is clear that the obligations imposed by the Final Decree of divorce were not contingent upon remarriage or death. Further, the payment is not based upon disparate incomes of the parties. In fact, in view of the fact that the Debtor has been granted custody of the three minor children, any disparity in income is more than offset by the increased obligations imposed upon the Debtor. The amount awarded to the Defendant was to be paid in a lump sum rather than in periodic payments. The award was not modifiable based upon changes in economic circumstances of the parties. Based upon the foregoing, it is clear to this Court that the obligations imposed by the Final Decree are in the nature of property settlement and not in the nature of alimony, support or maintenance.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the debt owed by the Debtor/Plaintiff to the Defendant be, and the same is hereby, determined to be a dischargeable obligation.

A separate Final Judgment will be entered in accordance with the foregoing.