**In re Donna Kay SMITH, a/k/a D.K. Smith, p/k/a Donna K. Smith, Debtor.**

**Donna Kay SMITH, a/k/a D.K. Smith, p/k/a Donna K. Smith, Plaintiff,**

**v.**

**William Franklin EDWARDS, Defendant.**

**Bankruptcy No. 96–9571–8P7.
Adv. No. 96–954.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 19, 1997.

Guillermo A. Ruiz, St. Petersburg, FL, for Plaintiff.

Dennis J. LeVine, Tampa, FL, for Defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

In this Chapter 7 liquidation case the matter under consideration is the Defendant's Motion for Partial Summary Judgment as to Count I of the Complaint filed by Donna Kay Smith, a/k/a D.K. Smith, p/k/a Donna K. Smith (Plaintiff). The Plaintiff's Complaint in Count I seeks a determination under 11 U.S.C. § 523(a)(5) that certain debts imposed on her by the Judgment of Divorce should not be excepted from the overall protection of the general bankruptcy discharge, and, therefore, she should not remain liable to the Defendant, William Franklin Edwards (Defendant).

The Motion under consideration filed by the Defendant is based on the contention that there are no genuine issues of material fact and that he is entitled to a judgment in his favor as a matter of law determining that the debts owed by the Plaintiff are within the exception to discharge provided for by § 523(a)(5) of the Bankruptcy Code.

The facts, as revealed from the record, are indeed without dispute, and can be summarized as follows. On August 6, 1976, the Plaintiff and the Defendant were married in Madison, Mississippi. On January 26, 1989 the Judgment of Divorce was entered and granted a divorce to the Defendant. There were two minor children from the marriage, born 1977 and 1980, respectively. The court awarded full custody of the children to the Defendant with the proviso that the Plaintiff shall have limited visitation rights. On July 23, 1996, the Plaintiff filed her Voluntary Petition for Relief under Chapter 7. On September 20, 1996, the Plaintiff filed her Complaint to determine the dischargeability of her obligation owed under the Judgment of Divorce. On January 21, 1997, the Defendant filed his Motion for Partial Summary Judgment as to Count I of the Plaintiff's Complaint.

The obligations under consideration, the dischargeability of which is at issue, concern several provisions in the Judgement of Divorce and are as follows: (1) that the Plaintiff shall pay one/half of the mortgage payments on the marital home awarded to the Defendant in the sum of $711.00; (2) that the Plaintiff shall pay one/half of all maintenance cost relating to the former marital domicile; (3) that the Plaintiff shall hold harmless the Defendant for the Harris Trust & Savings Bank indebtedness in the sum of $6,582.74; (4) that the Plaintiff shall hold harmless the Defendant for the obligation owed which was incurred by her with American Express in the sum of $10,642.49; and (5) that the Plaintiff shall pay to the Defendant attorney fees in the amount of $2,500.00 together with costs of travel and expenses of $850.00 and investigative fees in the total amount of $1,500.00.

Motions for Summary Judgment are governed by F.R.C.P. 56 as adopted by F.R.B.P. 7056. It has long been established that in considering a motion for summary judgment all inferences which may be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). If there are no genuine issues for trial, the motion should be granted in favor of the moving party as a matter of law. As a general proposition, issues relating to domestic relations have been, and, should be, traditionally, handled by the appropriate

State forums. But, because one spouse may subsequently become a debtor, the dischargeability of the obligations imposed on the debtor spouse becomes an issue for the Bankruptcy court, and the Bankruptcy courts are inevitably drawn-in to resolve domestic relations issues.

The dischargeability, vel non, on the obligations under consideration involve an interpretation of the exception to discharge set forth in 11 U.S.C. § 523(a)(5). This Section provides as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

▮ It has been recognized that what constitutes alimony and maintenance will be determined by Federal law and not by State law. *In re Harrell*, 754 F.2d 902 (11th Cir. 1985). The label placed on the obligation is not controlling or relevant, and the court is required to look at the substance of the Final Decree and the provisions contained in the same, rather than the label placed on the obligation either by the parties, by agreement, or by the divorce court. *In re Pattie*, 112 B.R. 437 (Bkrtcy.M.D.Fla.1990).

The issue here is whether the obligations set forth in the Judgment of Divorce constitute support obligations, which are nondischargeable as found in § 523(a)(5), or whether the obligations are in the nature of a property settlement, and, thus, dischargeable.

▮ Several factors should be considered in determining whether an obligation is in the nature of alimony, support or mainte-nance. The main factors include: (1) whether or not there are minor children involved; (2) the manner of the enforcement of the award; (3) whether payments balance disparate incomes; (4) whether at the time of the divorce, the support was needed; and (5) whether the obligation is subject to change in circumstances, i.e., remarriage or death. *In re Pattie*, 112 B.R. 437 (Bkrtcy.M.D.Fla. 1990). It should be noted that none of these factors are controlling but that the court shall consider the totality of these factors and the relevant circumstances. In the case of *In re Portaro*, 108 B.R. 142 (Bkrtcy. N.D.Ohio 1989), the Bankruptcy court held that the obligations imposed by the State court on the debtor spouse to pay one/half of the mortgage obligation, property taxes and insurance on the home were in the nature of alimony and support. The court held that this was so, because the award provided the necessary support which would permit the minor children and the parent to continue to reside in the former marital residence.

▮ Using the factors set out in *Pattie* and following *Portaro*, it is clear that the court intended that the Plaintiff pay one/half of the monthly mortgage payments and one/half of the maintenance costs as additional support for the minor children. The Judgment of Divorce awarded the Defendant complete care, custody, and control of the two minor children born to this marriage. Furthermore, this obligation was imposed in installment payments, which supports the conclusion that the intent was to provide additional support for the minor children. Therefore, the Defendant's Motion for Partial Summary Judgment as to Count I is granted in part and summary judgment is entered against the Plaintiff and in favor of the Defendant and the one/half monthly mortgage payments and one/half of the maintenance costs are determined to be nondischargeable pursuant to § 523(a)(5).

▮ In turning to the third and fourth obligations, the Harris Trust and the American Express debts, it appears from the Judgment of Divorce, although it is not clear, that the charges were made solely by the Debtor. Further, it appears that the Defendant was

also liable on the obligations by virtue of the fact that the cards were maintained in both names, and, thus, the Harris Trust and American Express cards must have been co-signed by the Defendant husband. Be that as it may, in the event the Defendant is liable on both obligations, these obligations are not in the nature of alimony, maintenance or support. Therefore, the Defendant's Motion for Partial Summary Judgment as to Count I is denied in part and summary judgment is entered in favor of the Plaintiff and the obligations are determined to be dischargeable pursuant to 11 U.S.C. § 523(a)(5) although the dischargeability of these debts pursuant to 11 U.S.C. § 523(a)(15) as set forth in Count II still remain at issue for trial.

This leaves for consideration the last item which involves the attorney fees, witness fees, and investigative fees which the Plaintiff was ordered to pay by the State court. At the hearing to consider the Motion for Partial Summary Judgment, Plaintiff's counsel stipulated to the fact that the award for attorney fees is non-dischargeable. Furthermore, this position is in accord with the current view of the 11th Circuit. *In re Strickland,* 90 F.3d 444 (11th Cir.1996). *See also, In re Hall,* 119 B.R. 272 (Bkrtcy M.D.Fla.1990); *In the Matter of Burch,* 100 B.R. 585 (Bkrtcy.M.D.Fla.1989). In sum, this Court is satisfied that based on the authorities cited and the stipulation by Plaintiff's counsel, the attorney fees, investigative fees, and costs are in the nature of alimony, maintenance or support. Therefore, the Defendant's Motion for Partial Summary Judgment as to Count I is granted in part and summary judgment is entered against the Plaintiff and in favor of the Defendant and the attorney fees and the like are determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).

A separate partial Final Judgment will be entered in accordance with the foregoing.