In re Lester F. FELDMANN, Jr., Debtor.

Kathleen FELDMANN, Plaintiff,

v.

Lester F. FELDMANN, Jr., Defendant.

Bankruptcy No. A96–65432–ADK.
Adversary No. 96–6373.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 29, 1998.

Ellenberg & Associates, P.C., Atlanta, GA, for Plaintiff.

Eric E. Thorstenberg, Atlanta, GA, for Defendant.

### ORDER

ARMAND DAVID KAHN, Bankruptcy Judge.

The above-styled case is before the Court on cross motions for summary judgment on

the issue of dischargeability of marital debts under § 523(a)(15), and on the Plaintiff-Creditor's motions to strike the Debtor's cross-motion for summary judgment and an affidavit submitted by the Debtor. The Court notified the parties that it was considering the dischargeability of certain debts under § 523(a)(5), and the parties submitted arguments on this issue. For the reasons set forth below, the Plaintiff's motion for summary judgment is granted in part and denied in part, and her motions to strike denied as moot. The Defendant's cross-motion for summary judgment is denied.

## I

The Debtor's ex-wife brought the above-styled adversary proceeding under § 523(a)(5) and (15) regarding the dischargeability of certain debts stemming from a divorce decree. The time for discovery elapsed, and both parties moved for summary judgment on the issue of dischargeability under § 523(a)(15).

The Debtor and the Plaintiff were married in 1970 and divorced in 1991. Neither has remarried. The Washington Superior Court for Whatcom County ordered the Debtor to pay child support, $1.00 (one dollar) alimony per month for 22 years, a lump sum of $62,000.00 to "balance the equities," and the Plaintiff's attorney fees of $2,285.00 The decree also provided: "in the event either party defaults on any of the terms or provisions of this agreement requiring the other to place the matter in the hands of another attorney for enforcement, the defaulting party shall be responsible for all attorney fees and costs incurred by the non-defaulting prevailing party." The child reached the age of majority, so child support has ceased, and there is no arrearage. The Debtor has paid nothing toward any of the other items in the divorce decree. The Plaintiff hired investigators to locate the Debtor and garnished the Debtor's wages in March 1996, and the Debtor filed bankruptcy within a month thereafter. The Plaintiff then filed the instant adversary proceeding, contending that the $1.00 alimony, attorney fees of $2,285.00, and the $62,000.00 lump sum are nondischargeable debts. She also argues that, under the divorce decree,

she is entitled to attorney fees and costs incurred in connection with the garnishment action and the instant action, and that these are also nondischargeable.

The Debtor, who spends virtually 100 percent of his time traveling for business, makes $70,000.00 per year. On his schedules, the Debtor indicated a take-home amount of $3,938.00, but reduced that figure to $3,571.00 in his cross-motion for summary judgment. The discrepancy appears to be largely, if not solely, due to a voluntary deduction of $350.00 per month for retirement savings. (Until June 1997, the Debtor had deducted $272.52 per month). The Debtor claims, based upon the revised income and expense statement in his cross-motion for summary judgment, that he has discretionary income of $79.00 per month. The Plaintiff argues that the Debtor has more discretionary income than he claims because he failed to reflect in his income $3,000.00 in bonuses received during the first half of 1997. She also disputes several expenses (as revised), notably:

(1) a food expense of $425.00 per month;

(2) clothing, dry cleaning, and transportation expenses that the Plaintiff claims are excessive and unsubstantiated;

(3) charitable contributions of $60.00 per month, mainly to the University of Washington Boosters;

(4) life insurance of $73.00 per month, the basis for which dispute the Plaintiff has not revealed;

(5) tuition and support, paid to or on behalf of his college-aged daughter, of $500.00 per month. The Plaintiff claims that bank records provided by the Debtor show an average contribution of only $225.00, and notes that this expense is voluntary and will cease in one year when the daughter graduates from college. The Debtor claims that he intends to continue supporting his daughter to the same extent after graduation;

(6) football tickets at an average of $25.00 per month; and

(7) voluntary 401K contributions of $350.00 per month.

After the parties moved for summary judgment on the § 523(a)(15) issue, the Court notified the parties that it would consider *sua sponte* whether the $1.00 support award and the $2,285.00 in attorney fees for the divorce action were in the nature of alimony or support, and therefore nondischargeable under § 523(a)(5). The parties briefed the issue, and the motions for summary judgment are ripe.

## II

"The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact.... If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material facts." *Hairston v. The Gainesville Sun Publishing Co.,* 9 F.3d 913, 918 (11th Cir.1993). The non-movant may not simply rest on his pleadings, but must show, by reference to affidavits or other evidence, that a material issue of fact remains. Fed.R.Civ.P. 56, *incorporated in* Fed. R. Bankr.P. 7056.

Under § 523(a)(5), a debt is nondischargeable in bankruptcy if it was incurred by the Debtor in connection with a divorce or separation decree and is alimony, maintenance, or support for a spouse or child. Under § 523(a)(15), a debt that is incurred by the debtor in the course of a divorce but that does not qualify for an exception to discharge under (a)(5) is nevertheless nondischargeable *unless* "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor" or "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor." Thus, if the Debtor can establish either one of these two conditions, he is entitled to a discharge.

## III

The Plaintiff argues that the $2,285.00 in attorney fees incurred in the divorce action and the $1.00 per month awarded to the Plaintiff as alimony are nondischargeable under § 523(a)(5). The Debtor does not dispute that the attorney fees are nondischargeable, and argues that the $1.00 award was the state court's means of retaining jurisdiction over the alimony issue.

Where a state court awards attorney fees in a divorce based on the parties' relative need, the debt can be legitimately characterized as support. *Strickland v. Shannon (In Re Strickland),* 90 F.3d 444, 446–47 (11th Cir.1996). In fact, where the fees are awarded in connection with alimony or child support, they may be deemed nondischargeable under § 523(a)(5). *Konicki v. Kelly (In Re Konicki),* 208 B.R. 572, 574 (Bankr.M.D.Fla.1997).

In Washington, where the parties obtained their divorce, attorney fees are awarded based on the relative need of the parties. *See* Wash. Rev.Code. Ann. § 26.09.140; *In Re Marriage of Schweitzer,* 132 Wash.2d 318, 332, 937 P.2d 1062, 1069 (1997); *In Re Marriage of Harrington,* 85 Wash.App. 613, 635, 935 P.2d 1357, 1370 (Wash.App.1997). Moreover, the fees awarded to the Plaintiff were in connection with a decree that provided for child support. Finally, the Debtor does not contend that the divorce attorney fees are dischargeable. Consequently, the $2,285.00 attorney fees are nondischargeable under § 523(a)(5).

With regard to the $1.00 maintenance award, the Debtor asserts that the award was a reservation of the issue by the state court. Under Washington law, a divorce court can revisit an alimony award only if it granted alimony in the original proceeding. Consequently, the Debtor believes that the state court ordered nominal alimony in order to keep the issue open in case circumstances changed. The Debtor makes no argument that this award was not in the nature of support or maintenance.

Some factors considered in finding that a debt constitutes alimony or support

include whether the obligation is subject to change in circumstances, *Smith v. Edwards (In re Smith)*, 207 B.R. 289, 291 (Bankr. M.D.Fla.1997), whether the payment is lump sum or periodic, *Engram v. MacDonald (In re MacDonald)*, 194 B.R. 283, 288 (Bankr. N.D.Ga.1996), and the language of the decree itself, *Lanting v. Lanting (In re Lanting)*, 198 B.R. 817, 822 (Bankr.N.D.Ala.1996). The Debtor himself alleges that the award is intended to change in changed circumstances. Moreover, the award is periodic rather than lump-sum, and the decree designates the award as maintenance. Although other factors exist, such as whether the decree is enforceable by contempt and the disparity in earnings between the parties at the time of the divorce, that would weigh against a finding that the debt is in the nature of alimony or support, *Engram*, 194 B.R. at 288, no one factor is determinative, *Smith*, 207 B.R. at 291. Given the clear intent that the $1.00–per–month award be considered alimony, as well as the periodic nature of the payments and the award's susceptibility to change in changed circumstances, the award is nondischargeable under § 523(a)(5).

IV

The Plaintiff has moved for summary judgment regarding the nondischargeability of fees and costs incurred in connection with the Plaintiff's attempts to enforce the terms of the divorce decree. She seeks various fees and costs incurred in prepetition efforts to locate the Debtor and garnish his wages, and she requests a finding that the fees of her attorney in the instant adversary proceeding are nondischargeable.

Under Washington law, the courts "after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any [divorce] proceeding ...." Wash. Rev.Code Ann. § 26.09.140. "Costs," as defined in § 4.84.010, include filing fees; costs of service of process, notaries, and reports and records used as evidence; statutory attorney and witness fees; and costs of transcription of depositions used at trial or arbitration. *Gerken v. Mutual of Enumclaw Ins. Co.*, 74

Wash.App. 220, 231, 872 P.2d 1108, 1115 (Wash.Ct.App.1994). Because these costs are narrowly defined, the Washington Court of Appeals has reversed awards of costs for expert witness fees, investigators, and photographs as outside the statutory definition of costs. *Id.*

The Plaintiff requested various unexplained costs. Several of these appear to be investigative services, which, under Washington law, are not recoverable costs. Two of the amounts listed are described as amounts paid to "Kathleen Bramwell" and "Fink, Travis and McDonnell," without any explanation of what types of services were provided, or whether these are attorneys or investigators. Finally, the Plaintiff requests $300.00 in miscellaneous costs, described as "phone, copying, postage," but the Plaintiff does not reveal who incurred these costs and for what purpose. The Court notes that the Plaintiff's attorney included copying costs in her bill, suggesting that at least some of the miscellaneous costs could be duplicative. Therefore, the Plaintiff has not met her burden of showing that these costs are compensable under the divorce decree, material issues of fact remain, and summary judgment with respect to these costs is denied, except for the fees in the instant adversary proceeding, which are addressed below. The Court will allow the Plaintiff an opportunity to submit a more detailed statement of costs and fees allowed under Washington law.

The Plaintiff requested attorney fees in connection with the instant adversary case. The Plaintiff argues that she should be entitled to attorney fees for bringing the instant nondischargeability action because the divorce decree provides for attorney fees for the prevailing party in any enforcement action.

In general, the "American Rule" provides that, in federal court actions, every party should bear her own attorney fees unless otherwise provided by contract or federal law. *See Tang How v. Edward J. Gerrits, Inc.*, 961 F.2d 174, 179 (11th Cir.1992). It is clear that no federal law provides for the payment of attorney fees for the Plaintiff, as § 523 does not provide for attorney fees for a creditor in any case. *See generally* § 523.

Few cases address whether a divorce decree providing for attorney fees is enforceable in a nondischargeability action. The Bankruptcy Court for the Northern District of Illinois denied a Plaintiff's request for attorney fees on the basis that, although the award of fees was within the court's discretion, it would impede the Debtor's fresh start. *Collins v. Florez (In re Florez)*, 191 B.R. 112, 116 (Bankr.N.D.Ill.1995). That Court relied upon a case finding that awarding attorney fees, even where a contract provision allowed for them, was the "exception rather than the rule." *Id., citing Bank of Findlay v. Sain (In re Sain)*, 101 B.R. 30, 32 (Bankr.C.D.Ill.1988). The Eleventh Circuit, in contrast, favors the awarding of attorney fees where a contract explicitly provides for the payment of such fees. *TranSouth Financial Corp. v. Johnson*, 931 F.2d 1505, 1507 (11th Cir.1991). The Eleventh Circuit held that, where a contract provides for attorney fees, such fees are part of the underlying claim and are excused from discharge in the same manner as the rest of the claim. *Id.*

In Washington state, community property settlements are treated as contracts. *Monahan v. Sharp (In re Estates of Wahl)*, 99 Wash.2d 828, 830, 664 P.2d 1250, 1252 (1983); *see also State v. John*, 69 Wash.App. 615, 620, 849 P.2d 1268, 1271 (Wash.Ct.App.1993) (consent decrees are construed as contracts). The Feldmanns both agreed to the terms of the divorce decree, which was then formalized by the Court. Thus, an enforceable contract provision provides for the award of attorney fees to the prevailing party. The fees thus become part of the underlying, nondischargeable debt. *See TranSouth*, 931 F.2d at 1507. Accordingly, the Court will grant the Plaintiff's motion for summary judgment with respect to the nondischargeability of attorney fees and costs incurred in the adversary proceeding, but will deny the Plaintiff's motion with respect to such costs relating to the garnishment action. The Court will refrain from determining the amount to which the Plaintiff is entitled for attorney fees in connection with this adversary proceeding, but will allow the Debtor an opportunity to submit specific objections, if any, to the reasonableness or allowability of any portion of the Plaintiff's attorney's fees.

## V

The Plaintiff argues that the $62,000.00 awarded her in the divorce decree is nondischargeable under § 523(a)(15). The Debtor contends that the debt is dischargeable under § 523(a)(15) because he cannot afford to pay this amount and the benefit to him of a discharge will outweigh the detriment to the Plaintiff.

Most courts have held that the initial burden under § 523(a)(15) is on the Creditor to show that the debt was incurred in connection with a divorce, and that it is not a debt that falls under § 523(a)(5) (*i.e.* alimony or support). *See Humiston v. Huddelston (In Re Huddelston)*, 194 B.R. 681, 685–86 (Bankr.N.D.Ga.1996) (collecting cases). The Plaintiff assumes that this debt does not fall under subsection (a)(5), and the Debtor does not contest that the Plaintiff has met her burden. Once this burden is met, the burden shifts to the Debtor to show that one of the exceptions to subsection (a)(15) applies, that is, either (1) that the Debtor cannot afford to pay or (2) that the benefit to the Debtor of a discharge outweighs the detriment to the ex-spouse. *Id.*

### a. Subsection (A): Ability to pay

In determining whether the Debtor has the ability to pay, most courts consider several factors, most importantly, the Debtor's disposable income as of the time of trial. *Cleveland v. Cleveland (In re Cleveland)*, 198 B.R. 394, 398 (Bankr.N.D.Ga.1996). The courts apply the same "disposable income" test used in confirming a chapter 13 plan under § 1325. *Id.* at 398 n. 4; *see also Beasley v. Adams (In re Adams)*, 200 B.R. 630, 634 (N.D.Ill.1996). Although the Debtor argues that the Court should not apply this test, he gives no reason for his argument, nor does he suggest an alternate test. Moreover, § 1325 defines "disposable income" as that income received by the Debtor "which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor; and, if the debtor is engaged in business, for the payment of ex-

penditures necessary for the continuation, preservation, and operation of such business." § 1325(b)(2). As section 523(a)(15)(A) uses identical language to define the Debtor's ability to pay, the same test should apply. Thus, the Debtor's ability to pay is measured by his disposable income, that is, his net pay less "reasonably necessary" living expenses. §§ 523(a)(15)(A), 1325(b)(2).

The Debtor claims he has only $79.00 per month in disposable income. This amount results after deducting from net income a number of expenses, including monthly voluntary contributions of $350.00 to his 401K and $500.00 to his daughter, $60.00 in charitable contributions, and at least $100.00 for recreation. The Plaintiff argues that these and other deductions are either unnecessary or unreasonable.

■ Many courts have held that voluntary contributions to a retirement plan are not necessary living expenses. *E.g., In Re Cornelius,* 195 B.R. 831, 835 (Bankr. N.D.N.Y.1995); *In Re Moore,* 188 B.R. 671, 675 (Bkrtcy.D.Id.1995); *In Re Fountain,* 142 B.R. 135, 136–37 (Bankr.E.D.Va.1992) (while it may be wise to save for retirement, it is not appropriate to do so at the expense of unpaid creditors). The Debtor's voluntary contribution of $350 per month to his 401K is not a necessary living expense, and therefore may not be deducted in calculating the Debtor's disposable income.

■ The Debtor also pays $60.00 a month in charitable contributions, primarily to the University of Washington Boosters. Debtors, however, "have no right to more discretionary income than other debtors merely because they wish to use some of it to make charitable contributions." *In Re Griffieth,* 209 B.R. 823, 828 (Bankr.N.D.N.Y. 1996); *see also In Re Tessier,* 190 B.R. 396, 403 (Bankr.D.Mont.1995) (charitable contributions are not a reasonable living expense and cannot be deducted for purposes of determining disposable income), *appeal dismissed,* 127 F.3d 1106 (9th Cir.1997); *In Re Stallman,* 198 B.R. 491, 497 (Bankr. W.D.Mich.1996) (charitable contribution of $44.00 per month to church disallowed).

■ Finally, the Debtor claims $100.00 per month in recreational expenses. This does not include dining out, which is accounted for separately as food; cable, which is included in the Debtor's rent; or certain entertainment expenses, such as movies, incurred while away on business, which the Debtor categorizes as "unreimbursed business expenses." *See* Lester Feldmann deposition at 26. Over and above this amount, he claims $25.00 per month for football tickets as a business expense. Even if these tickets are a business expense, they still contribute to the Debtor's recreational pursuits. This amount for recreation is clearly excessive. *Cf. In Re Buntin,* 161 B.R. 466, 468 (Bankr. W.D.Mo.1993) (finding $100.00 adequate recreation expense for a family of *two* adults and disallowing any amount more than that). The Debtor can decrease his recreation budget by at least $25.00 per month.

■ Taking the 401K contribution of $350.00, the charitable contribution of $60.00, and $25.00 in recreational expenses, plus the $79.00 in disposable income from the Debtor's own calculations, yields a minimum of $500.00 in disposable income per month. This is not including voluntary contributions to the Debtor's daughter, which at least one court has held should be included in disposable income. *Dressler v. Dressler (In re Dressler),* 194 B.R. 290, 305 (Bankr.D.R.I.1996). This is especially true here where the child is currently a college student and will presumably graduate soon. It also does not include items for which the Debtor has provided inadequate evidence to support his claimed expenses. For example, the Debtor has offered evidence of what he calls "unreimbursed business expenses" only to the extent of $93.00 per month for rental of a storage bin, and $100.00 a month for a cleaning service for a corporate apartment where he is no longer staying. Therefore, he's provided evidence of only $93.00 out of a claimed $250.00. Consequently, the Court finds that the Debtor has disposable income of at least $500.00 a month.

■ In assessing a Debtor's ability to pay under § 523(a)(15), the courts have also considered whether the Debtor might find more lucrative employment, the extent to

which the Debtor's debt burden will be lessened in the near term, and previous good faith efforts to satisfy the debts. *Cleveland*, 198 B.R. at 398. The first two factors are irrelevant or of little weight. Although the Debtor claims he could lose his job at any minute, he offers no evidence to support this other than that his company is not publicly traded. The Debtor has a fairly small amount, about $12,000.00, in credit card debt that will most likely be discharged through bankruptcy. As for the Debtor's good faith, given that he has made no payment whatsoever toward satisfying his debt, he has made no good faith effort to satisfy the debt. Thus, the relevant factors indicate an ability to pay under § 523(a)(15)(A).

### b. Subsection B: Relative benefit

 Even if the Debtor has the ability to pay, his debt to the Plaintiff is dischargeable if the benefit to himself from the fresh start outweighs the detriment to the Plaintiff from losing this debt. § 523(a)(15)(B). Courts generally consider the relative incomes, expenses, assets, and liabilities of the parties, as well as the parties' health and education, any dependents, the amount of debt to be discharged, and the good faith of the parties. *In Re Smither*, 194 B.R. 102, 111 (Bankr.W.D.Ky.1996).

The Plaintiff has provided financial information regarding her income, expenses and net worth, supported by an affidavit. The Debtor has stipulated to the assets and liabilities of the Plaintiff, but not to the income and expenses, though he has provided no evidence that her income or expenses are other than what the Plaintiff has provided. It is his burden to do so. The Plaintiff is a schoolteacher making $45,363.00 annually, taking home $2,882.00 per month. She has monthly expenses of $3,955.00, and claims that she borrows from family members frequently. The Debtor has, at a minimum, $500.00 per month in disposable income.

Taking the facts as stipulated by the Debtor, the Plaintiff has a positive net worth of about $37,000.00, due mainly to equity in her home and a retirement account. She has liabilities of about $152,000.00, primarily the mortgage and student loans for her daughter's education.

The Debtor claimed assets of $31,602.00. This does not include several minor assets the Debtor failed to disclose on his schedules, such as a television, VCR, and computer. Additionally, although the Debtor's petition, dated April 1, 1996, claimed he had $750.00 in savings and checking, his bank statements for March 14 through April 12, 1996, show a minimum balance of $2,365.00 in the accounts. Adjusting for these items, the Debtor has at least $34,000.00 in assets, and liabilities of about $88,000.00. About $12,000.00 of that will be discharged credit card debt, and about $12,000.00 is a reaffirmed car loan. Therefore, while he has few assets, he also has few liabilities apart from the debt to his wife. Health and education do not weigh into the equation, nor do dependents in any significant way. Although the Debtor emphasizes his age, 52, as a factor, the Plaintiff is no more than three years younger than the Debtor. Finally, the Debtor's good faith is questionable, as he has never made any payment on the divorce decree.

Regarding this issue, there are no facts genuinely in dispute. The Debtor suggests that he could lose his job, but offers no evidence for that. He offers no evidence countering the figures the Plaintiff provided, and, given that discovery has concluded, does not appear likely to obtain any evidence.

The relative incomes and expenses of the Debtor and the Plaintiff weigh in favor of the Plaintiff, who has expenses greater than her income, and an income significantly lower than the Debtor's. Moreover, despite the Debtor's disposable income, he has never made a single payment to the Plaintiff, evidencing a lack of good faith on his part. The Debtor's high disposable income and lack of good faith weigh heavily in favor of the Plaintiff. The Debtor has fewer liabilities than the Plaintiff, who has significant home mortgage and educational debts. Additionally, although a more minor consideration, at least part of the Debtor's liabilities, $12,000.00 in credit card debt, will most likely be discharged in this bankruptcy. The only factor in favor of the Debtor, that the Plaintiff has a positive net worth due to the equity in her

home and retirement fund while the Debtor has a negative net worth, is not significant enough to outweigh all the factors favoring the Plaintiff. Consequently, the $62,000.00 debt is nondischargeable under § 523(a)(15).

Accordingly,

**IT IS THE ORDER OF THE COURT** that the award by the Washington Superior Court for Whatcom County to the Plaintiff of $1.00 (one dollar) per month and attorney fees of $2,285.00 in connection with her representation in the divorce proceeding are in the nature of support or maintenance and are therefore nondischargeable under 11 U.S.C.A. § 523(a)(5).

**IT IS THE FURTHER ORDER OF THE COURT** that the $62,000.00 award by the Washington Superior Court for Whatcom County to the Plaintiff is nondischargeable under § 523(a)(15).

**IT IS THE FURTHER ORDER OF THE COURT** that the attorney fees and costs incurred by the Plaintiff in this adversary proceeding are nondischargeable debts of the Debtor, in accordance with the divorce decree, but the Court does not herein determine the amount allowable.

**IT IS THE FURTHER ORDER OF THE COURT** that the Court cannot decide on the current record the Plaintiff's motion for summary judgment regarding the dischargeability of costs and fees incurred in connection with any prepetition enforcement action, due to the lack of information regarding whether such costs and fees are allowable under Washington state law; therefore,

**IT IS THE FURTHER ORDER OF THE COURT** that the Plaintiff shall have until February 13, 1998 to submit to the Court a more detailed account of any costs and fees allowable under Washington state law that were incurred in connection with any prepetition enforcement action, in order to allow the Court to determine

**IT IS THE FURTHER ORDER OF THE COURT** that the Debtor shall have until February 27, 1998 to submit to the Court (1) any response to the Plaintiff's supplemental argument due February 13, 1998 and (2) specific objections, if any, to the reasonableness or allowability of the billing statement previously submitted by Plaintiff's attorney in the instant action.

**IT IS THE FURTHER ORDER OF THE COURT** that the Plaintiff's motion to strike certain of the Debtor's pleadings is denied as moot.

**IT IS THE FURTHER ORDER OF THE COURT** that the Defendant's cross-motion for summary judgment is denied.

**IT IS SO ORDERED.**