[No. 85732-6. En Banc.]
Argued March 13, 2012. Decided August 9, 2012.

ROGELIO H.A. RUVALCABA ET AL., *Respondents*, v. KWANG HO BAEK ET AL., *Petitioners*, WILLIAM V. KITCHIN ET AL., *Respondents*.

*Howard M. Goodfriend* (of *Smith Goodfriend PS*) and *Jackson Schmidt* (of *Pebble Cantu Schmidt PLLC*), for petitioners.

*Timothy J. Graham* (of *Hanson Baker Ludlow Drumheller PS*) and *Pierre E. Acebedo* (of *Acebedo & Johnson LLC*), for respondents.

*Neil H. Robblee* on behalf of Jeanne E. Yoder, Charles W. Vallette, and Gretchen E. Vallette, amici curiae.

¶1 J.M. JOHNSON, J. — Rogelio and Elaine Ruvalcaba, husband and wife, brought a lawsuit under RCW 8.24.010 to condemn a private way of necessity (i.e., easement) across neighboring property held by individual landowners, referred to collectively as the "Day Group Petitioners." The Ruvalcabas argue that they are entitled to an easement because their property is landlocked and contend that there is an overriding public policy against rendering landlocked property useless. The Day Group Petitioners, however, contend that the Ruvalcabas voluntarily landlocked their property through severance of the parcel and failed to bring a condemnation action for 35 years.

¶2 The trial court granted summary judgment to the Day Group Petitioners and dismissed. The Court of Appeals reversed. We reverse the Court of Appeals and affirm the trial court's order granting summary judgment to the Day

Group Petitioners. We hold that no reasonable finder of fact could find that there was reasonable necessity for an easement over numerous properties where the Ruvalcabas acted to landlock their property and failed to bring a condemnation action for so many years. We also grant the Day Group Petitioners' request for reasonable attorney fees.

## FACTS AND PROCEDURAL HISTORY

¶3 In July 1965, the Ruvalcabas purchased a parcel of land in Seattle, Washington. At the time, the land was a contiguous parcel providing the Ruvalcabas with access to 42nd Avenue Northeast. In 1971, however, the Ruvalcabas sold the eastern portion of the parcel (Access Parcel) to Melvin and Arlene Desmereaux. By retaining the western portion of the parcel (Landlocked Parcel), the Ruvalcabas essentially left themselves without access to a public thoroughfare because they did not reserve an easement across the Access Parcel.

¶4 The Ruvalcabas claim that they intended to obtain easements from other neighbors and make use of a private road that extended from the Landlocked Parcel north to Northeast 135th Street. There is evidence that the Ruvalcabas obtained easements across neighboring properties owned by Henry Geoghegan and William Thacker, but these easements did not provide access to the Landlocked Parcel. The Ruvalcabas further contend that it was not until January 2005 that they learned that the Landlocked Parcel was suitable for building a residence.

¶5 The Ruvalcabas also claim that the steep slope between the Access Parcel and the Landlocked Parcel made it impracticable to build a road for ingress and egress across the Access Parcel. There is some evidence in the record to indicate that a roadway across the Access Parcel would require steep grades and retaining structures impracticable for vehicle access, but the Day Group Petitioners dispute

this evidence. Additionally, there is a dispute regarding the relative financial cost associated with completing a roadway across either the Access Parcel to the east or the property owned by the Day Group Petitioners to the north (Day Group Parcels). The Day Group Petitioners argue that the Ruvalcabas could have purchased a number of neighboring parcels during the pendency of this action, including the Access Parcel, and reserved an easement on resale, which would have provided them with access to a public right-of-way.

¶6 The Ruvalcabas filed this private condemnation action in July 2008, joining all the Day Group Petitioners.[1] The Day Group Petitioners then filed a motion to compel joinder of the current owners of the Access Parcel as necessary parties, and the trial court granted the motion. Subsequently, the Day Group Petitioners made a motion for summary judgment on the theories that the Ruvalcabas could not establish that an easement was "reasonably necessary" because they voluntarily landlocked their property and that their claim was barred by the statute of limitations and laches.

¶7 The trial court granted summary judgment to the Day Group Petitioners and held that "one cannot create, by one's own action of landlocking one's property, the 'reasonable necessity' that is an element of the plaintiffs' case in a private condemnation of a way by necessity." Clerk's Papers at 473. The Court of Appeals reversed and held that the Ruvalcabas decision to landlock their parcel was only "a fact to be weighed with all other relevant evidence to determine the reasonable need for a way of necessity." *Ruvalcaba v. Kwang Ho Baek*, 159 Wn. App. 702, 712, 247 P.3d 1 (2011).

---

[1] In March 2006, the Ruvalcabas initially filed an action to quiet title for an easement across the Day Group Parcels. *Ruvalcaba v. Kwang Ho Baek*, noted at 140 Wn. App. 1021, 2007 WL 2411691, at *1, 2007 Wash. App. LEXIS 2526, at *1. The trial court dismissed the action with prejudice for failure to state a claim, but the Court of Appeals affirmed on different grounds and held that the action should have been dismissed without prejudice. 2007 WL 2411691, at *4, 2007 Wash. App. LEXIS 2526, at *11-12.

The Day Group Petitioners petitioned this court for review, and we granted their petition. *Ruvalcaba v. Kwang Ho Baek*, 171 Wn.2d 1031, 257 P.3d 662 (2011).

ANALYSIS

## A. Standard of Review

¶8 The appropriate standard of review for an order granting or denying summary judgment is de novo, and the appellate court performs the same inquiry as the trial court. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). Additionally, interpretation of a statute is a question of law and is subject to de novo review. *City of Spokane v. Spokane County*, 158 Wn.2d 661, 672-73, 146 P.3d 893 (2006). "A motion for summary judgment is properly granted where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.' " *Michak v. Transnation Title Ins. Co.*, 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003) (alteration in original) (quoting CR 56(c)). The reviewing court should view "the facts and reasonable inferences from those facts in the light most favorable to the nonmoving party." *Id.* at 794.

## B. Condemnation of Private Way of Necessity

¶9 The Washington Constitution provides that "[p]rivate property shall not be taken for private use, except for private ways of necessity . . . ." WASH. CONST. art. I, § 16. This provision in our constitution demonstrates that a remedy for landlocked property was envisioned.[2] *Brown v. McAnally*, 97 Wn.2d 360, 367, 644 P.2d 1153 (1982). To this end, the legislature also passed the following statute:

---

[2] A case from the Fifth District Court of Appeals in Florida provides a clear explanation behind the general public policy goals associated with discouraging landlocked property:

"Useful land becomes more scarce in proportion to population increase, and the problem in this state becomes greater as tourism, commerce and the need for housing and agricultural goods grow. By its application to shut-off lands to be used for housing, agriculture, timber production and stockraising, the statute is designed to fill these needs. There is then a clear public purpose in providing

An owner, or one entitled to the beneficial use, of land which is so situate[d] with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity or to construct and maintain any drain, flume or ditch, on, across, over or through the land of such other, for agricultural, domestic or sanitary purposes, may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity, or for the construction and maintenance of such drain, flume or ditch, as the case may be.

RCW 8.24.010. Under this statute, the need for a way of necessity does not have to be absolute. *Brown*, 97 Wn.2d at 367 (citing *State ex rel. Polson Logging Co. v. Superior Court*, 11 Wn.2d 545, 562-63, 119 P.2d 694 (1941)). "It must, however, be reasonably necessary under the facts of the case, as distinguished from merely convenient or advantageous." *Id.* (citations omitted). Additionally, "the condemnor has the burden of proving the reasonable necessity for a private way of necessity, including the absence of alternatives." *Noble v. Safe Harbor Family Pres. Trust*, 167 Wn.2d 11, 17, 216 P.3d 1007 (2009) (citing *State ex rel. Carlson v. Superior Court*, 107 Wash. 228, 234, 181 P. 689 (1919)).

 ¶10 The issue in this case is one of first impression in the state of Washington. The Day Group Petitioners urge us to adopt a rule that automatically precludes the Ruvalcabas from condemning a private way of necessity under RCW 8.24.010. The Day Group Petitioners cite to persuasive legal authority in other jurisdictions and in our Court of Appeals that supports the principle that plaintiffs cannot gain the benefit of condemnation provisions in RCW 8.24.010 as a matter of law if they voluntarily landlocked their own property.[3] A bright-line rule, however, that automatically

---

means of access to such lands so that they might be utilized in the enumerated ways."

*Cirelli v. Ent*, 885 So. 2d 423, 430 (Fla. Dist. Ct. App. 2004) (quoting *Deseret Ranches of Fla., Inc. v. Bowman*, 349 So. 2d 155, 156-57 (Fla. 1977)).

[3] *English Realty Co. v. Meyer*, 228 La. 423, 433, 82 So. 2d 698 (1955) (holding that the plaintiff could not claim a private way of necessity when plaintiff

precludes a private way of necessity any time a landowner voluntarily landlocks his or her own parcel would reach further than the facts that have been presented in this case.

¶11 Instead, we begin our analysis with the overriding public policy goal against making landlocked property useless. Here, the Ruvalcabas landlocked their own parcel, made claims of reasonable necessity based on financial impracticability, and waited approximately 35 years to bring a condemnation action. Under this set of factual circumstances, no reasonable finder of fact could find that there was reasonable necessity. The Ruvalcabas are essentially turning our stated public policy goal on its head. They are making a sophisticated, yet convoluted, legal argument regarding financial impracticability to manufacture a cloud on title and, thus, tie up the Day Group Petitioners' right to use and convey their land. This strategy was also employed approximately 35 years after the Ruvalcabas voluntarily landlocked their own parcel. Such a flagrant abuse of the reasonable necessity doctrine will not be tolerated because it erodes the protections for private property found in article I, section 16 of the Washington Constitution. Thus, we reverse the Court of Appeals and affirm the trial court's order granting summary judgment to the Day Group Petitioners.

## C. Attorney Fees

¶12 RCW 8.24.030 provides that "[i]n any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorney fees and expert witness costs may be allowed by the court to reimburse the condemnee." Here, we have held in favor of the condemnee. As a result, we choose to exercise our discretion in granting reasonable attorney fees to the Day Group Petitioners.

---

voluntarily landlocked the property); *Graff v. Scanlan*, 673 A.2d 1028, 1032 (Pa. Commw. Ct. 1996) (same). *Cf. Olivo v. Rasmussen*, 48 Wn. App. 318, 320, 738 P.2d 333 (1987) (holding that plaintiff did not act voluntarily when property was landlocked after settlement of an eminent domain action brought by the State).

CONCLUSION

¶13 Under these factual circumstances, we hold that no reasonable finder of fact could find that there was reasonable necessity for the Ruvalcabas to condemn a private way of necessity under RCW 8.24.010. Our public policy goal against rendering landlocked property useless would not be furthered by allowing this particular case to go to trial. The Ruvalcabas have placed a cloud on title to the Day Group Petitioners' property, and the timing and the nature of the Ruvalcabas' claims make their case patently unreasonable. Thus, we affirm the trial court's order granting summary judgment to the Day Group Petitioners and grant their request for reasonable attorney fees.

MADSEN, C.J., C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.