IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WILLIAM MOORMAN, | ) | No. 35869-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLEAR RECON CORP.; U.S. BANK, | ) | UNPUBLISHED OPINION |
| NATIONAL ASSOCIATION, as Trustee | ) | |
| for Structured Adjustable Rate Mortgage | ) | |
| Loan Trust Mortgage Pass-Through | ) | |
| Certificates, Series 2006-2; HSBC BANK | ) | |
| USA, N.A.; PHH MORTGAGE | ) | |
| CORPORATION; and DOE | ) | |
| DEFENDANTS 1 through 20, inclusive, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, C.J. — William Moorman appeals from the trial court's summary judgment dismissal of his Consumer Protection Act (CPA), chapter 19.86 RCW, claim against all respondents. Moorman argues that Clear Recon Corp. was not properly appointed successor trustee, and its initiation of a nonjudicial foreclosure against his property thus violated the "Deeds of Trust" act, chapter 61.24 RCW. We disagree and affirm.

FACTS

In November 2005, Moorman borrowed $1,000,000 from HSBC Mortgage Corporation (HSBC Mortgage) to purchase waterfront property on Lake Chelan. The loan was memorialized by a promissory note and was secured by a deed of trust. The original deed of trust trustee was Chicago Title Insurance, Co.

Shortly after origination of the loan, HSBC Mortgage sold the loan to U.S. Bank, N.A., as Trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2006-2 (U.S. Bank). Since then, U.S. Bank has had physical possession of the original note. HSBC Mortgage retained servicing rights to the loan through an entity called HSBC Bank USA, N.A. (HSBC Bank).

In May 2013, HSBC Bank assigned the servicing of the loan to PHH Mortgage Corporation (PHH). HSBC Bank gave Moorman notice of the change in loan servicer.

Moorman defaulted on the loan. In October 2015, Clear Recon Corp. (CRC) was appointed successor trustee. This appointment was made by PHH signing as U.S. Bank's attorney-in-fact. In December 2015, CRC recorded a notice of trustee's sale.

In August 2016, Moorman brought the present lawsuit seeking to restrain the trustee's sale and damages for alleged violations of the CPA. The parties stipulated to a preliminary injunction conditioned on Moorman making regular payments to the court

2

registry.  HSBC Bank and PHH moved to summarily dismiss Moorman's claims against all defendants.  The trial court granted their motion, and Moorman timely appealed.

ANALYSIS

A.      LEGAL STANDARD

We review summary judgment rulings de novo and engage in the same inquiry as the trial court.  *Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wn.2d 274, 281, 313 P.3d 395 (2013).  A defendant who moves for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact.  *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989).  Once that burden is met, the burden shifts to the party with the burden of proof at trial to make a showing sufficient to establish the existence of an element essential to that party's case.  *Id.*  In demonstrating the existence of a material fact, the nonmoving party may not rely on mere allegations, but the response must set forth specific facts showing that there is a genuine issue for trial.  CR 56(e).  Summary judgment is properly granted where there is no genuine issue as to a material fact, and the moving party is entitled to judgment as a matter of law.  CR 56(c); *Ruvalcaba v. Kwang Ho Baek*, 175 Wn.2d 1, 6, 282 P.3d 1083 (2012).

B.      NO VIOLATIONS OF THE DEEDS OF TRUST ACT

Moorman argues that CRC was not properly appointed successor trustee and, thus, lacked authority to initiate the nonjudicial foreclosure. We disagree.

1.      *U.S. Bank is the beneficiary*

Nonjudicial foreclosures are governed by chapter 61.24 RCW, the Washington Deeds of Trust act (DTA). The DTA "creates a three-party transaction in which a borrower conveys the mortgaged property to a trustee, who holds the property in trust for the lender as security for the borrower's loan." *Barkley v. GreenPoint Mortg. Funding, Inc.*, 190 Wn. App. 58, 65, 358 P.3d 1204 (2015). If the borrower defaults, the lender must strictly comply with the requirements of the DTA to nonjudicially foreclose on the property through a trustee's sale. *Id.* at 65-66.

RCW 61.24.010 sets forth the qualifications of trustees and successor trustees. RCW 61.24.010(2) requires a successor trustee to be appointed by the beneficiary. "Beneficiary" means the holder of the note. RCW 61.24.005(2). The evidence is undisputed that U.S. Bank is the holder of the note and, therefore, is the beneficiary with the power to appoint a successor trustee.

> 2.   *PHH, as the agent for U.S. Bank, had authority to appoint CRC successor trustee*

It is likely that a beneficiary's agent can appoint a successor trustee. *See Bain v. Metro. Mortg. Grp.*, 175 Wn.2d 83, 106, 285 P.3d 34 (2012). A prerequisite to agency is control of the agent by the principal. *Id.* at 107. Here, PHH signed as attorney-in-fact for U.S. Bank when it appointed CRC successor trustee. An attorney-in-fact is an agent. RCW 11.125.020(1).

Moorman complains that PHH failed to provide a written document signed by U.S. Bank that sets forth U.S. Bank's right of control over PHH. Such a document might conclusively establish PHH's agency and U.S. Bank's right of control, but it is not the only way to establish agency. PHH's assistant vice president attested that PHH was a subservicer of the loan, which entailed "interfacing with the borrower regarding loan issues . . . and foreclosing on loans in default." Clerk's Paper (CP) at 573. She also attested that PHH acted as a subservicer with "the consent of the client, in this case U.S. Bank." CP at 574. Because U.S. Bank could withdraw its consent for PHH to act for it, it necessarily had the final say on whether PHH could proceed forward with a foreclosure. We think the record is sufficient to establish the necessary principal-agent relationship.

Moorman argues that the "Master Servicer Agreement" between U.S. Bank and HSBC Bank does not explicitly set forth what right of control U.S. Bank has over its

servicers and subservicers. Even if true, the nature of the relationship need not be established solely in the Master Servicer Agreement. Here, PHH presented unrebutted evidence that it acted as a subservicer of the loan with the consent of U.S. Bank. The record sufficiently establishes the necessary principal-agent relationship between U.S. Bank and PHH. We conclude that PHH's appointment of CRC as successor trustee did not violate the DTA.

C. CPA CLAIM

Moorman claims that the respondents engaged in unfair and deceptive acts in the attempted foreclosure of his property in violation of the CPA. To prevail on a private CPA claim, a plaintiff must establish the following elements: (1) that the defendant engaged in an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) a public interest impact, (4) injury to plaintiffs in their business or property, and (5) causation. *Univ. of Wash. v. Gov't Employees Ins. Co.*, 200 Wn. App. 455, 467, 404 P.3d 559 (2017).

On appeal, Moorman argues the unfair or deceptive act was CRC's initiation of the nonjudicial foreclosure without being properly appointed successor trustee. Because we have concluded CRC was properly appointed, Moorman's CPA claim fails.

No. 35869-1-III
*Moorman v. Clear Recon Corp.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.