# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BLUE SPIRITS DISTILLING, LLC, | No. 53341-3-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE LIQUOR & CANNABIS BOARD, | PUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Blue Spirits Distilling LLC, appeals the trial court's orders denying Blue Spirits's motion for summary judgment and granting the Washington State Liquor and Cannabis Board's motion to dismiss Blue Spirits's lawsuit for failure to state a claim. In the wake of our decision in *Washington Restaurant Association*,[1] Blue Spirits filed a lawsuit in superior court, seeking a refund of fees it paid to the Washington State Liquor and Cannabis Board. Blue Spirits neither sought a declaratory judgment in superior court nor pursued its claim under the Administrative Procedure Act (APA).[2] The trial court denied Blue Spirits's motion for summary judgment and granted the Board's CR 12(b)(6) motion for dismissal because Blue Spirits's claim was not properly before it.

On appeal, Blue Spirits argues that it brought a cognizable claim in superior court because (1) its lawsuit fell under exceptions to the rule that the APA establishes the exclusive

---

[1] *Wash. Rest. Ass'n v. Wash. State Liquor Bd.*, 200 Wn. App. 119, 401 P.3d 428 (2017).

[2] Chapter 34.05 RCW.

means of judicial review of agency actions, (2) exhaustion of administrative remedies would have been futile, and (3) this case presents only issues of law. It also seeks attorney fees. The Board, in addition to arguing that Blue Spirits failed to exhaust its administrative remedies, claims that Blue Spirits has abandoned its claim for refund of one category of fees.

We hold that the trial court did not err when it denied Blue Spirits's motion for summary judgment because Blue Spirits did not exhaust its administrative remedies under the APA. And because the CR 12(b)(6) motion was based on the same legal grounds as the denial of summary judgment, we hold that the trial court did not err in dismissing the lawsuit. Accordingly, we affirm the trial court's orders and deny Blue Spirits's request for attorney fees.

FACTS

RCW 66.24.140 grants the Washington State Liquor and Cannabis Board authority to collect a $2,000 fee each year to license distillers in the state. The Board has also adopted WAC 314-28-070, which expands the amount of required fees on licensed distillers.

Among the fees the Board authorized in WAC 314-28-070 were an annual fee of 10 percent of a distiller's gross spirits revenue on spirits sold for "on- or off-premises consumption during the first twenty-seven months of licensure and five percent of their gross spirits revenues to the board in the twenty-eighth month and thereafter" (10 percent fee), and a fee of "seventeen percent of their gross spirits revenue to the board on sales to customers for off-premises consumption" (17 percent fee). Former WAC 314-28-070(3) (2018).[3] In August 2017, we published a decision invalidating the 10 percent fee and calling into question the 17 percent fee. *Wash. Rest. Ass'n*, 200 Wn. App. at 131.

___

[3] The Board updated WAC 314-28-070 after our decision in *Washington Restaurant Association*.

Blue Spirits is a licensed distiller in Washington State. Since 2012, in addition to the $2,000 annual license fee, Blue Spirits has paid the 10 percent and 17 percent fees. After our decision in *Washington Restaurant Association*, Blue Spirits engaged in two parallel actions: it corresponded with the Board regarding these fees, and it filed a lawsuit in superior court for a refund.

A. *Administrative Timeline*

During September 2017, the Board was conducting an audit of Blue Spirits. On September 20, Blue Spirits sent a letter to the Board requesting a refund based on our decision in *Washington Restaurant Association* for all fees it paid, except the $2,000 annual license fee. Although the Board did not directly respond to the request, the Board's audit cover letter alluded to the fact that its authority to collect the 17 percent fee was questionable.

On April 9, 2018, the Board issued Blue Spirits's audit results in which the Board admitted to "the removal of the [10 percent] distributor fee assessment due to the recent court decision," but claimed that it lacked the authority to refund the 17 percent fees. Clerk's Papers (CP) at 325-26. The audit cover letter stated that it would not "alter the audit results based on speculation about the potential for the rules to be invalidated." CP at 326. On April 25, Blue Spirits responded to the audit results with a request for hearing before the Board, citing *Washington Restaurant Association*, and requesting a full refund of fees beyond the $2,000 license fee. Our record is silent as to any further administrative proceedings.[4]

---

[4] Blue Spirits claims in its reply brief that the Board never responded to its request for hearing.

No. 53341-3-II

B.      *Judicial Timeline*

On September 20, 2017, the same day it sent the letter to the Board, Blue Spirits filed a lawsuit for damages in superior court, seeking a refund. In November, Blue Spirits filed a motion for summary judgment, arguing that it was entitled to relief because both the 10 percent and 17 percent fee rules were invalid. The Board responded that, among other things, Blue Spirits had failed to exhaust its administrative remedies. The trial court denied the motion in a March 2018 letter opinion. In May 2018, the trial court issued an order denying Blue Spirit's motion for summary judgment, ruling that Blue Spirits had "not demonstrated a procedural mechanism by which the Court may grant the requested relief," and the court had "no power at this stage in the litigation to compel any refund." CP at 319.

Blue Spirits then moved for discretionary review of the order denying its motion for summary judgment. A commissioner of this court denied review.

The Board then moved in the trial court to dismiss Blue Spirits's claim under CR 12(b)(6). The court dismissed the complaint without prejudice.

Blue Spirits appeals the trial court's order denying its motion for summary judgment and the order granting the Board's motion to dismiss.

ANALYSIS

I. BLUE SPIRITS'S MOTION FOR SUMMARY JUDGMENT

Blue Spirits argues that because it brought a cognizable claim for a refund, the trial court erred when it denied Blue Spirits's motion for summary judgment. We disagree.

4

No. 53341-3-II

A.      *Legal Principles*

We review de novo a grant or denial of summary judgment, performing the same inquiry as the trial court. *Ruvalcaba v. Kwang Ho Baek*, 175 Wn.2d 1, 6, 282 P.3d 1083 (2012). We review the facts and inferences in the light most favorable to the nonmoving party. *Ruvalcaba*, 175 Wn.2d at 6. We review issues of law de novo. *Kaplan v. Nw. Mut. Life Ins. Co.*, 115 Wn. App. 791, 800, 65 P.3d 16 (2003). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

Issues of statutory interpretation are questions of law that we review de novo. *Fortgang v. Woodland Park Zoo*, 187 Wn.2d 509, 518, 387 P.3d 690 (2017). When interpreting a statute, our purpose is to discern and implement the intent of the legislature. *City of Spokane v. County of Spokane*, 158 Wn.2d 661, 673, 146 P.3d 893 (2006). When statutory language is plain on its face, we derive legislative intent from the statute's plain language and ordinary meaning. *Spokane*, 158 Wn.2d at 673; *Cent. Puget Sound Reg'l Transit Auth. v. WR-SRI 120th N. LLC*, 191 Wn.2d 223, 233-34, 422 P.3d 891 (2018). Our inquiry ends where the language of the statute is plain and unambiguous. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009).

With limited exceptions, the APA establishes the exclusive means for judicial review of agency action. RCW 34.05.510. "Agency action" is defined as "licensing, the implementation or enforcement of a statute, the adoption or application of an agency rule or order, the imposition of sanctions, or the granting or withholding of benefits." RCW 34.05.010(3). Two exceptions to the APA's rule of exclusivity are at issue here. First, RCW 34.05.510(1) provides that the APA's review procedures "do not apply to litigation in which the sole issue is a claim for money

5

damages or compensation *and* the agency whose action is at issue does not have statutory authority to determine the claim." RCW 34.05.510(1) (emphasis added). Second, a party need not exhaust any or all administrative remedies upon a showing that the exhaustion of remedies would be futile. RCW 34.05.534(3)(b).

Exhaustion of administrative remedies is required when: "(1) a claim is cognizable in the first instance by an agency alone; (2) the agency has clearly established mechanisms for the resolution of complaints by aggrieved parties; and (3) the administrative remedies can provide the relief sought." *Milligan v. Thompson*, 90 Wn. App. 586, 596, 953 P.2d 112 (1998). A party is required to exhaust administrative remedies after a final agency order or action. "An agency action is 'final' when it 'imposes an obligation, denies a right, or fixes a legal relationship as a consummation of the administrative process.'" *Wells Fargo Bank, N.A. v. Dep't of Revenue*, 166 Wn. App. 342, 356, 271 P.3d 268 (2012) (internal quotation marks omitted) (quoting *Bock v. State Bd. of Pilotage Comm'rs*, 91 Wn.2d 94, 99, 586 P.2d 1173 (1978)).

B.      *Exhaustion of Administrative Remedies*

Blue Spirits argues that because this action falls under the exemptions found in RCW 34.05.510(1) and RCW 34.05.534(3), it was not required to bring a claim under the APA to obtain a refund, and therefore, the exhaustion of administrative remedies rule does not apply. First, Blue Spirits argues that it was not subject to APA proceedings—and therefore summary judgment was improper—because "the sole issue is a claim for money damages or compensation and the [Board] does not have statutory authority to determine the claim." RCW 34.05.510(1). Second, Blue Spirits argues that exhaustion of administrative remedies would be futile. Finally

Blue Spirits argues that this case presents only issues of law. We disagree that Blue Spirits is exempt from proceeding under the APA.

      1. *Sole Issue and Agency's Statutory Authority To Determine the Claim*

      A petitioning party must follow APA procedures unless an exception applies. Because the statutory language of RCW 34.05.510(1) is in the conjunctive, for this exception to apply Blue Spirits must show that its claim was solely for money damages or compensation *and* that the Board does not have authority to determine the claim. *See W. Ports Transp., Inc. v. Emp't Sec. Dep't*, 110 Wn. App. 440, 452, 41 P.3d 510 (2002).

      a. *Sole Issue*

      Blue Spirits argues that the "sole issue" is the refund and that the requested refund is a claim for money damages or compensation. The Board argues that Blue Spirits is seeking two things: the refund and the invalidation of the 17 percent fee rule. We hold that Blue Spirits raises only one issue in its claim: the refund.

      Blue Spirits seeks the refund of two different fees it paid to the Board. The Board adopted the fees by rule and based both on Title 66 RCW. WAC 314-28-070, *Credits*. The first is the 10 percent fee, which the Board implemented by rule as former WAC 314-28-070(3). The second is the 17 percent fee, which the Board implemented by rule as former WAC 314-28-070(3)(a).[5]

      In *Washington Restaurant Association*, the Restaurant Association challenged the implementation of the 10 percent fee. 200 Wn. App. at 131. We held that the fees the Board

---

[5] The 17 percent fee is now mandated by current WAC 314-28-070(4).

imposed in WAC 314-28-070 went beyond the authority granted to it by the legislature. *Washington*. *Wash. Rest. Ass'n*, 200 Wn. App. at 129, 131; *see* RCW 66.24.140. We further held that the $2,000 distillers' license fee provided for by the legislature in RCW 66.24.140 was the exclusive fee authorized by the people.[6] *Wash. Rest. Ass'n*, 200 Wn. App. at 129.

We unambiguously explained that no other fees may be imposed on licensed distillers to distribute its own product. We stated, "RCW 66.24.640 does not require a licensed distiller to obtain a spirits distributor license or pay *an additional* licensing fee to distribute its own spirits." *Wash. Rest. Ass'n*, 200 Wn. App. at 129 (emphasis added). We further stated that RCW 66.24.640 "does not require *any* additional licensing fees. As a result, the Board is not authorized to impose an additional fee on licensed distillers." *Wash. Rest. Ass'n*, 200 Wn. App. at 131 (emphasis added) (citation omitted). And we stated that "RCW 66.24.140 imposes only *one* fee for licensed distillers." *Wash. Rest. Ass'n*, 200 Wn. App. at 131 (emphasis added). As a result, we invalidated WAC 314-28-070(3).

Blue Spirits argues that it is entitled to a refund because, under *Washington Restaurant Association*, the Board also lacked the authority to impose the 17 percent fee. The Board argues that Blue Spirits is seeking two things: the refund *and* invalidation of the 17 percent fee rule. The Board argues that "Blue Spirits is not entitled to a court-ordered refund of the 17 percent retail fees unless and until a court invalidates WAC 314-28-070(3)(a)." Br. of Resp't at 13 (capitalization omitted). We agree with Blue Spirits.

---

[6] The fee was authorized as part of an initiative approved by the voters and now codified in Title 66 RCW. *Wash. Rest. Ass'n*, 200 Wn. App. at 122.

The Board argues that *Washington Restaurant Association* did not specifically invalidate the 17 percent fee, and therefore, Blue Spirits must seek declaratory judgment to have it overturned. The Board reasons that we did not invalidate the 17 percent fee because that fee was not explicitly mentioned, and, even though we invalidated WAC 314-28-070(3), we did not *explicitly* invalidate the subsection imposing the 17 percent fee, WAC 314-28-070(3)(a). The Board argues that because only the 10 percent fee was at issue in *Washington Restaurant Association*, then it follows that the 17 percent fee still stands. We disagree.

First, in *Washington Restaurant Association*, we defined "10 percent license fee rules" as the whole of WAC 314-28-070(3). 200 Wn. App. at 122 n.2. Second, if the whole of WAC 314-28-070(3) was thereby invalidated, then it necessarily follows that its subparts were invalidated too. Finally, the Board ignores all the language above which explicitly states our reasoning for overturning the 10 percent fee: the legislature "impose[d] *only one* fee for licensed distillers." *Wash. Rest. Ass'n*, 200 Wn. App. at 131 (emphasis added). That fee is the $2,000 license fee. *Id.* As a result, any other fee was invalidated by the reasoning of *Washington Restaurant Association*.[7]

Because the 17 percent fee is invalid, we hold that Blue Spirits's sole issue is for a refund claim.

b. *Agency's Statutory Authority To Determine the Claim*

Blue Spirits argues that the Board lacks the authority under the APA to adjudicate a refund claim and that Blue Spirits would be left without relief, explaining "there is no provision

---

[7] To support its argument that *Washington Restaurant* overturned only the "10 percent" portion of WAC 314-28-070(3), the Board explains that the WAC is poorly drafted. But our reasoning in *Washington Restaurant* was clear.

of law expressly authorizing the refund of distiller['s] license fees paid under an invalid regulation promulgated by the Board." Br. of Appellant at 16. We disagree.

RCW 43.88.170 provides:

Whenever any law which provides for the collection of fees or other payment by an agency does not authorize the refund of erroneous or excessive payments thereof, refunds may be made or authorized by the agency which collected the fees or payments of all such amounts received by the agency in consequence of error, either of fact or of law.

Similarly, RCW 43.01.072 provides:

Whenever any law which provides for the collection of fees or other payments by a state agency does not authorize the refund of erroneous or excessive payments thereof, refunds may be made or authorized by the state agency which collected the fees or payments of all such amounts received by the state agency in consequence of error, either of fact or of law as to: (1) The proper amount of such fee or payments; (2) The necessity of making or securing a permit, filing, examination or inspection; (3) The sufficiency of the credentials of an applicant; (4) The eligibility of an applicant for any other reason; (5) The necessity for the payment.

There are no published cases that apply either RCW 43.88.170 or RCW 43.01.072; however, the Washington State Attorney General has issued formal opinions interpreting these statutes. We generally accord great weight to formal attorney general opinions interpreting statutes. *Five Corners Family Farmers v. State*, 173 Wn.2d 296, 308, 268 P.3d 892 (2011).

In 1966, the attorney general took up a question of excess automobile licensing fees paid to the state by military members under a mistake of law. 1966 Op. Att'y Gen. No. 98. The attorney general concluded that RCW 43.88.170 applies when "there is not a specific provision for refunds in the particular statute authorizing the collection of the tax or fee." 1966 Op. Att'y Gen. No. 98, at 9. Similarly, in 1977, when examining whether jury fees could be refunded at the county level, the attorney general concluded that they could not, noting the "absence, at the county level, of a general statute similar to either RCW 43.01.072 or RCW 43.88.170, both of

10

which expressly provide for refunds of excessive or erroneous fee payments to *state* agencies." 1977 Att'y Gen. No. 20, at 6 n.3.

Applying the plain meaning of these statutes, it is clear that the Board has authority to refund fees. First, there is a "law which provides for the collection of fees" that does "not authorize the refund of erroneous or excessive payments thereof." RCW 43.88.170. Both RCW 66.24.640 and 66.24.140, as well as WAC 314-28-070, establish fees without mechanism for a refund. Second, there was a fee "received by the agency in consequence of error, either of fact or of law." RCW 43.88.170. Both the 10 percent and 17 percent fees collected by the Board under former WAC 314-28-070(3) were collected in error of law. The Board went beyond the statutory authority granted to it by the legislature in drafting fees beyond the $2,000 distillers' license fee. *Wash. Rest. Ass'n*, 200 Wn. App. at 131. The Board's erroneous interpretation of the statute, an error of law, resulted in Blue Spirits paying the excess fees. We hold that RCW 43.88.170 (or RCW 43.01.072) gives the Board the statutory authority to issue a refund.

Because the Board has "the statutory authority to determine [Blue Spirits's] claim," Blue Spirits's argument fails on the second part of the exception test. RCW 34.05.510(1). As a result, we hold that Blue Spirits's claim does not fall under this exception to the APA.

2. *Futility of Exhausting Administrative Remedies*

Blue Spirits also argues that it is exempt from exhausting administrative remedies because any attempt would have been futile. RCW 34.05.534(3). It claims this is so because the Board has yet to respond to their request for refund or a request for hearing. We disagree.

Futility sufficient to excuse exhaustion arises only in rare factual situations. *Buechler v. Wenatchee Valley Coll.*, 174 Wn. App. 141, 154, 298 P.3d 110 (2013). Futility is not shown by

speculation that appeal would have been futile. *Buechler*, 174 Wn. App. at 154. An agency is required to act on applications for adjudication within 90 days of receipt of such application. RCW 34.05.419(1).

Here, Blue Spirits filed its lawsuit less than 90 days after sending the Board a letter demanding a refund. Even assuming the letter constituted an application for adjudication, it is pure speculation to now claim that the Board would not have responded to the letter even if Blue Spirits had not filed an action in superior court.[8]

3. *Issues of Law*

Blue Spirits argues that this lawsuit presents only issues of law, and therefore, the trial court erred by failing to excuse exhaustion. We disagree.

A reviewing court may elect to resolve an issue that is purely an issue of law and a "failure to exhaust administrative remedies does not necessarily preclude such resolution." *Retail Store Emp. Union, Local 1001 v. Wash. Surveying & Rating Bureau*, 87 Wn.2d 887, 907 n.7, 558 P.2d 215 (1976) (declining to require exhaustion of one legal issue, while requiring exhaustion of other claims).

---

[8] Blue Spirits also argues that if it were to bring a claim under the APA it would be foreclosed from seeking refund relief. It maintains that filing an APA claim "in addition to its common law refund claim" would take its claim out of the exception to the APA in RCW 35.05.510(1). Br. of Appellant at 16 (citing *Wells Fargo Bank, NA. v. Dep't of Revenue*, 166 Wn. App. 342, 349-53, 271 P.3d 268 (2012). However, for the reasons listed above, Blue Spirits's argument to be excepted from the APA fails not because it is raising more than one issue, but because the Board has the statutory authority to respond to the refund request. If the Board denies the refund, then Blue Spirits could seek judicial recourse under RCW 34.05.570(3) or .570(4), so Blue Spirits is not foreclosed from seeking refund relief if it files under the APA.

Blue Spirits's argument fails for two reasons. First, there is no *requirement*, either statutory or in common law, that a trial court excuse exhaustion if the matter involves only a question of law. Rather, our Supreme Court in *Retail Store Employees Union* clearly stated, "we have chosen to resolve" the legal issue. 87 Wn.2d at 907 n.7. Second, the case Blue Spirits presented to the superior court involved a tax refund that would require calculation of taxes and the possible resolution of statute of limitation factual issues. Thus, the hearing would not involve only issues of law. We hold that the trial court did not err in declining to adjudicate Blue Spirits's refund on this issue.

Here, although Blue Spirits's refund claim is the sole issue, the Board has the statutory authority to determine the claim. RCW 43.88.170; RCW 43.01.072. As a result, Blue Spirits was not subject to an exception to the APA under RCW 34.05.510(1). Blue Spirits was also not excused from exhausting administrative remedies because doing so would not have been futile. RCW 34.05.534(3). Additionally, the trial court was under no obligation to excuse Blue Spirits from exhaustion and the case goes beyond only issues of law. Because Blue Spirits was not excused from seeking remedies under the APA, we hold that the trial court did not err in denying Blue Spirits's motion for summary judgement.

## II. BOARD'S MOTION TO DISMISS

Blue Spirits argues that the trial court erred when it granted the Board's motion to dismiss under CR 12(b)(6). We disagree.

We review dismissal of a claim under CR 12(b)(6) as a question of law de novo. *Markoff v. Puget Sound Energy, Inc.*, 9 Wn. App. 2d 833, 839, 447 P.3d 577, *review denied*, 195 Wn.2d 1013, 460 P.3d 183 (2020). In examining a motion to dismiss under CR 12(b)(6), we question

only the legal sufficiency of the allegations in the complaint, asking if they create a bar to relief. *Markoff*, 9 Wn. App. at 839. A complaint will survive only if the nonmoving party can prove that no set of facts would entitle the plaintiff to relief. *Markoff*, 9 Wn. App. at 839-40; *Hoffer v. State*, 110 Wn.2d 415, 420, 755 P.2d 781 (1988).

For the same reasons that a motion for summary judgment was properly denied, the motion to dismiss under CR 12(b)(6) was properly granted: Blue Spirits failed to state a claim upon which relief could be granted. Blue Spirits brought its claim for refund as a civil claim for damages, but the trial court had no authority to make a ruling on the facts because that claim was not properly before the court. First, Blue Spirits is required to exhaust administrative remedies. Then, it may file a complaint under the APA for judicial review under RCW 34.05.570(3) or .570(4).

Because the APA was the appropriate procedural mechanism for Blue Spirits to bring its claim before the trial court, and Blue Spirits brought this claim outside the APA, dismissal under CR 12(b)(6) was appropriate.

### III. ABANDONED CLAIMS

The Board argues, without citing authority, that Blue Spirits abandoned its request for a full refund of the 10 percent fees in its claim for review of the 17 percent fees. We disagree.

We do not consider issues "clearly abandoned on appeal." *Holder v. City of Vancouver*, 136 Wn. App. 104, 107, 147 P.3d 641 (2006) (quoting *Seattle First-Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 243, 588 P.2d 1308 (1978)). "A party abandons an issue by failing to pursue it on appeal by (1) failing to brief the issue or (2) explicitly abandoning the issue at oral argument." *Holder*, 136 Wn. App. at 107.

14

Here, Blue Spirits referred to the 10 percent rule multiple times in their motion for summary judgment below, specifically referring to its invalidity. The trial court noted in its letter opinion that Blue Spirits seeks a refund of both the 10 percent and 17 percent fees. The Board also acknowledges that Blue Spirits's complaint and motion for summary judgment included a claim for a refund of all fees paid to the Board under former WAC 314-28-070(3).

On appeal, although the thrust of Blue Spirits's brief involved the 17 percent fees, it explicitly refers to the 10 percent fees throughout when discussing the invalidity of WAC 314-28-070. Br. of Appellant at 3 (mentioning the 10 percent fee twice and arguing "[t]his court held the Board was not authorized to impose on licensed distillers *any* licensing fee in addition to the $2,000 annual license fee" (emphasis in original)); Br. of Appellant at 12 (describing the 17 percent fee as "just as invalid" as the 10 percent fee). Blue Spirits's notice of appeal to this court also included the trial court's order of dismissal without prejudice of Blue Spirits's original complaint and the trial court's denial of Blue Spirits's motion for summary judgment "and all matters encompassed therein." CP at 354.

Because Blue Spirits did not "clearly abandon" the 10 percent fee refund claim on appeal, we hold that Blue Spirits did not abandon any claims.

## ATTORNEY FEES

Blue Spirits argues that it is entitled to attorney fees under the "Equal Access to Justice Act" (EAJA).[9] We disagree.

Under the EAJA we "shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court

---

[9] RCW 4.84.340, -.350.

finds that the agency action was substantially justified or that circumstances make an award unjust." RCW 4.84.350(1). Blue Spirits has not prevailed. As a result, we hold that it is not entitled to attorney fees.

## CONCLUSION

Because Blue Spirits did not exhaust administrative remedies under the APA, we affirm the trial court's orders dismissing Blue Spirits's case without prejudice.

_____
Worswick, P.J.

We concur:

_____
Melnick, J.

_____
Cruser, J.