[No. 1711-3.    Division Three.    January 4, 1977.]

THE CITY OF KENNEWICK, *Appellant*, v. HANFORD PIPING, INC., *Respondent*.

*Hugh B. Horton* and *Horton, Wilkins & Faurholt,* for appellant.

*Philip M. Raekes* and *Loney, Westland, Raekes, Rettig & Sonderman,* for respondent.

GREEN, J.—During July 1974, a 24-inch steel water pipeline owned by the City of Kennewick and suspended from the ceiling and sidewall of a box culvert, fell. This pipeline, along with other water improvements had been designed by defendants Cornell, Howland, Hayes & Merryfield, d/b/a CH2-M, and constructed by defendant, Hanford Piping, Inc., d/b/a McMillin Bros. Constructors. When defendants refused to repair the damage, the City of Kennewick incurred repair costs of $13,640.57 and brought this action to recover those costs.

The City's complaint alleged that McMillin Bros. used "inferior materials and/or performed the work in a negligent and unworkmanlike manner" and charged CH2-M with defective design of the pipeline. McMillin Bros. moved for summary judgment, contending that under the construction contract their liability is limited to 1 year from the City's acceptance of the work. Since the City accepted the work on October 27, 1972, and more than 1 year had elapsed, the trial court granted the motion and dismissed the action as to McMillin Bros. The City appeals.

The sole issue presented is whether summary judgment was properly granted. We answer in the negative.

■ Resolution of the issue presented turns upon the interpretation of section 40 of the construction contract:

GENERAL GUARANTY
Neither the final certificate of payment nor any provision in the Contract Documents, nor partial or entire occupancy of the premises by the Owner, shall constitute an acceptance of work not done in accordance with the Con-

tract Documents or relieve the Contractor of liability in respect to any express warranties or responsibility for faulty materials or workmanship. *The Contractor shall remedy any defects in the work and pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of final acceptance of the work unless a longer period is specified.* The Owner will give notice of observed defects with reasonable promptness.

(Italics ours.) It is well established that the interpretation to be given the terms of an unambiguous contract is a matter of law for the court.

Where the interpretation must be made from the face of the instrument itself, this court is in as good a position as the trial court to interpret its meaning.

*In re Larson's Estate,* 71 Wn.2d 349, 354, 428 P.2d 558 (1967). We agree with the trial court and the parties that the provisions contained in section 40 are unambiguous, but find that the trial court erred as a matter of law in its interpretation of that section.

Section 40 is clearly an express guaranty against any defects in the work for a period of 1 year whether or not McMillin Bros. would otherwise be liable.[1] The language indicates no intention to limit McMillin Bros.' liability to 1 year for defects for which they would otherwise be legally responsible. The error of the trial court was its failure to give effect to the first sentence of section 40, which states that acceptance by the City does not relieve McMillin Bros. from liability for (1) work not done in accordance with the contract, (2) express warranties, (3) faulty materials, or (4) faulty workmanship. The second sentence containing the 1-year guaranty must be read together with the first sentence and in that context, in effect, reads: However, McMillin Bros. will remedy any defects regardless of legal liability if it appears within 1 year. Thus, the City's action is not barred by section 40, nor is it barred by the 6-year

[1]*See Board of Regents v. Wilson,* 27 Ill. App. 3d 26, 326 N.E.2d 216 (1975).

statute of limitations applicable to construction contracts. RCW 4.16.310.[2]

McMillin Bros.' reliance upon *Seattle v. Kuney,* 50 Wn.2d 299, 311 P.2d 420 (1957), is misplaced. While that case stands for the proposition that the parties may by contract limit their liability to a specific period of time, that principle does not apply to the provision in the instant case because the contract provisions are different. In *Kuney,* the contractor guaranteed the work against his own negligence, improper materials and defective workmanship for a period of 1 year. There is no provision similar to the first sentence of section 40 in that contract. Based on the language of the contract, the court in *Kuney* found an intent to limit the contractor's liability for all defects to the period expressed in the contract. We have no quarrel with the reasoning in that case, but find that it is not applicable here.

For the foregoing reasons, the order granting summary judgment must be reversed. An issue of material fact exists, *i.e.,* what caused the pipeline to fall. Whether McMillin Bros. is liable to the City rests upon a determination of that issue.

Reversed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied February 14, 1977.

Review denied by Supreme Court June 28, 1977.

---

[2]RCW 4.16.310 provides:

"All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred: *Provided,* That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues."