Lawrence-Berrey, C.J.
¶1 Angela Ukpoma defaulted on her home installment loan. U.S. Bank National Association's (U.S. Bank's) agent sent Ms. Ukpoma a notice that her loan balance was accelerated and the entire amount was immediately due and payable. The notice contradictorily stated she could reinstate the loan if she paid the delinquent payments plus various charges 11 or more days before an unscheduled trustee's sale. No such sale ever occurred. For various reasons, U.S. Bank did not bring this judicial foreclosure action until more than eight years after its agent sent its notice.
¶2 We are asked to decide whether the agent's notice was sufficiently clear and unequivocal so as to constitute an acceleration of the installment loan. A majority of this panel concludes that the agent's notice was unclear and did not accelerate the loan.
¶3 We also discuss whether initiating a nonjudicial foreclosure tolls the statute of limitations for commencing a judicial foreclosure action. This author believes there is no tolling but a majority of this panel believes otherwise. We publish this opinion to encourage further debate of this important issue.
¶4 We unanimously conclude that U.S. Bank can judicially foreclose its deed of trust, and we affirm the trial court.
FACTS
¶5 In December 2006, Angela Ukpoma executed a promissory note for the purchase of her home. The note, secured by a deed of trust, required her to pay monthly installments for 30 years. U.S. Bank is the note holder and assignee of the deed of trust.
¶6 Ms. Ukpoma failed to make a scheduled payment on October 1, 2007, and has failed to make any further payments. On or about February 1, 2008, Quality Loan Service Corporation (QLS) sent Ms. Ukpoma a notice of default. The notice provides in relevant part:
You are hereby notified that [U.S. Bank] has elected to accelerate the loan described herein, and has declared the entire balance of $ 252,000.00, plus accrued costs, immediately due and payable. NOTWITHSTANDING SAID ACCELERATION, YOU HAVE THE RIGHT TO REINSTATE THE LOAN BY PAYING THE DELINQUENT PAYMENTS, LATE CHARGES, COSTS AND FEES ON OR BEFORE THE ELEVENTH (11TH) DAY BEFORE THE DATE OF THE TRUSTEE'S SALE ....[1 ]
Clerk's Papers (CP) at 307. In the notice, QLS identified itself as "Agent for U.S. Bank ..., the Beneficiary." CP at 307.
¶7 QLS did not initiate a trustee's sale until its notice of trustee's sale dated November 7, 2008. The notice set forth the delinquent balance. The cure amount showed that *144 the loan had not been accelerated. QLS discontinued the first sale.
¶8 QLS subsequently initiated and discontinued multiple other trustee's sales. The initiation dates are June 18, 2009, February 23, 2010, May 14, 2010, June 11, 2010, August 22, 2011, and March 13, 2014. Similar to the initial notice of trustee's sale, these notices set forth the delinquent balance and cure amounts. All of the notices showed that the loan had not been accelerated.
¶9 Ms. Ukpoma also filed for bankruptcy protection in 2008 and again in late 2010. The bankruptcy stays shielded Ms. Ukpoma's property for approximately one year.
¶10 On May 13, 2016, U.S. Bank filed the present action to judicially foreclosure its deed of trust. U.S. Bank moved for summary judgment. Ms. Ukpoma responded that the February 1, 2008 default notice accelerated the installment loan so that the action was barred by RCW 4.16.040, the six-year statute of limitations.
¶11 The trial court concluded that QLS's notice was ineffective to accelerate the installment loan. It alternatively concluded that the statute of limitations had not run because the bankruptcies combined with the nonjudicial foreclosures sufficiently tolled the statute. Given these conclusions, the trial court granted U.S. Bank's motion for summary judgment.
¶12 Ms. Ukpoma appeals.
ANALYSIS
A. DE NOVO REVIEW OF SUMMARY JUDGMENT
¶13 We review summary judgment rulings de novo and engage in the same inquiry as the trial court. Int'l Marine Underwriters v. ABCD Marine, LLC, 179 Wash.2d 274, 281, 313 P.3d 395 (2013). A motion for summary judgment is properly granted where there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. CR 56(c) ; Ruvalcaba v. Kwang Ho Baek, 175 Wash.2d 1, 6, 282 P.3d 1083 (2012) (quoting Michak v. Transnation Title Ins. Co., 148 Wash.2d 788, 794-95, 64 P.3d 22 (2003) ).
B. THE FORECLOSURE ACTION WAS PROPER BECAUSE SOME INSTALLMENT PAYMENTS REMAINED DUE AND CONTINUED TO ACCRUE
¶14 RCW 4.16.040(1) provides that an "action upon a contract in writing, or liability express or implied arising out of a written agreement" shall be commenced within six years. This provision governs the statute of limitations for actions on promissory notes and deeds of trust. Westar Funding, Inc. v. Sorrels, 157 Wash. App. 777, 784-85, 239 P.3d 1109 (2010). For an installment note, " 'the statute of limitations runs against each installment from the time it becomes due.' " 4518 S. 256th, LLC v. Karen L. Gibbon, P.S., 195 Wash. App. 423, 434, 382 P.3d 1 (2016) (quoting Herzog v. Herzog, 23 Wash.2d 382, 388, 161 P.2d 142 (1945) ).
¶15 However, if the installment note is accelerated, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." 4518 S. 256th, 195 Wash. App. at 434-35, 382 P.3d 1. Ms. Ukpoma argues that QLS's February 2008 notice accelerated the installment note. We disagree.
¶16 Acceleration of an installment note must be made in a clear and unequivocal manner that effectively apprises the maker that the holder has exercised his right to accelerate the installment debt. Weinberg v. Naher, 51 Wash. 591, 594, 99 P. 736 (1909) ; 4518 S. 256th, 195 Wash. App. at 435, 382 P.3d 1 ; Glassmaker v. Ricard, 23 Wash. App. 35, 38, 593 P.2d 179 (1979). The question before us is whether to construe the February 2008 notice as a clear and unequivocal acceleration of the installment note. We decline to do so.
¶17 The February 2008 notice was unclear. It declared the full amount immediately due and payable. But it then contradicted itself by advising Ms. Ukpoma that she could reinstate the loan by paying the delinquent payments plus various charges 11 or more days before an unscheduled trustee's sale. Nine months later, when QLS first initiated the trustee's sale, the notice showed that the note had not been accelerated. It unequivocally *145 permitted Ms. Ukpoma to reinstate her loan by paying the delinquent payments, plus late charges, costs, and fees. All subsequent notices showed that the note had not been accelerated. To construe the February 2008 notice as a clear and unequivocal acceleration of the installment note would provide a windfall to Ms. Ukpoma, who never lost her right to reinstate the loan by simply paying the delinquent payments, plus late charges, costs, and fees.
¶18 We therefore hold that QLS's February 2008 notice did not accelerate the installment note. And because the note never accelerated, the six-year statute of limitations has not run on all of the installment payments. We conclude that the trial court did not err in granting U.S. Bank's motion for summary judgment.
C. THIS AUTHOR BELIEVES THAT INITIATING NONJUDICIAL FORECLOSURE DOES NOT TOLL THE STATUTE OF LIMITATIONS
¶19 Because the installment note was never accelerated, we need not address whether commencement of the various nonjudicial foreclosures tolled the statute of limitations. But because the secondary opinion addresses this issue, this author wishes to respond.
¶20 This author believes that Bingham v. Lechner, 111 Wash. App. 118, 45 P.3d 562 (2002) should be overruled. The Bingham court writes, "The trial court found, and the parties agree, that commencement of a nonjudicial foreclosure tolls the statute of limitations." Id. at 127, 45 P.3d 562. The Bingham court never questioned or analyzed this issue. In fact, nothing in the nonjudicial foreclosure statute, RCW 61.24.030, mentions tolling. This is impliedly acknowledged by the secondary opinion's reliance on RCW 4.16.230 instead of RCW 61.24.030.
¶21 RCW 4.16.230 provides in relevant part: "When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." 11 U.S.C. § 362 automatically stays all proceedings against a debtor, including the action here, a judicial foreclosure action. Apart from this, the secondary opinion does not cite any statute that stays a judicial foreclosure action.
¶22 RCW 61.24.030(4), cited in the secondary opinion, is certainly not such a statute. RCW 61.24.030 provides in relevant part: "It shall be requisite to a trustee's sale ... (4) [t]hat no action commenced by the beneficiary of the deed of trust is now pending to seek satisfaction of [the secured debt]." (Emphasis added). A trustee's sale is a nonjudicial foreclosure. RCW 61.24.005(17).
¶23 RCW 61.24.030(4) thus prevents a deed of trust beneficiary from commencing a nonjudicial foreclosure if a judicial foreclosure action is pending. It does not operate in reverse-to prevent a deed of trust beneficiary from commencing a judicial foreclosure action if a nonjudicial foreclosure is pending. Because RCW 61.24.030(4) did not stay the commencement of this judicial foreclosure action, RCW 4.16.230 did not toll the statute of limitations.
¶24 Affirmed.
I CONCUR:
Korsmo, J.

By statute, the borrower has a right to reinstate the loan by paying the delinquent payments, late charges, costs, and fees at any time 11 days or more before the trustee's sale. See part V of the statutory form for "Notice of Trustee's Sale" contained in RCW 61.24.040(2)(d) ; see also part V of the form in former RCW 61.24.040(1)(f) (2008).