**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

FILE
For the current opinion, go to https://www.lexisnexis.com/clients/wareports.

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 22, 2021

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 22, 2021

ERIN L. LENNON
SUPREME COURT CLERK

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| ANTONIA NYMAN, | ) | |
| | ) | |
| Respondent, | ) | No. 99249-5 |
| | ) | |
| v. | ) | |
| | ) | En Banc |
| DAN HANLEY, | ) | |
| | ) | |
| Appellant. | ) | Filed  July 22, 2021 |
| _____ | ) | |

GONZÁLEZ, C.J.— Antonia Nyman was renting a backyard cottage to Dan Hanley when the COVID-19 (coronavirus disease) pandemic began.  She sought to evict Hanley and gave him 60 days' notice of her intention to move into the unit herself.  Due to this unprecedented pandemic, Governor Jay Inslee temporarily halted most evictions, but not for landlords seeking to occupy the unit personally. A federal eviction moratorium imposed by the United States Centers for Disease Control and Prevention (CDC) also temporarily halted some evictions, but not for tenants who have violated a contractual obligation (with certain specified exceptions).  We are asked whether Hanley violated a contractual obligation by holding over in his unit after his lease expired by its terms.  Based on undisputed facts before us, we hold that he has.

*Nyman v. Hanley*, No. 99249-5

BACKGROUND

Hanley rented Nyman's backyard cottage.[1]  The lease ran from July 2019 to July 2020 and did not convert into a month-to-month tenancy.[2]  Hanley fell behind on rent.  In February 2020, Nyman served Hanley with a notice to pay the rent he owed or vacate.  In March, Nyman began eviction proceedings.

Meanwhile, Governor Inslee declared a state of emergency due to the COVID-19 pandemic.  Proclamation by Governor Jay Inslee, No. 20-05 (Wash. Feb. 29, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-05%20Coronavirus%20%28final%29.pdf [https://perma.cc/TAF6-QNGB].  On March 18, 2020, the governor temporarily prohibited residential evictions based on nonpayment of rent.  Proclamation by Governor Jay Inslee, No. 20-19 (Wash. Mar. 18, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19%20-%20COVID-19%20Moratorium%20on%20Evictions%20%28tmp%29.pdf [https://perma.cc/BBN9-QEM8].  This moratorium was extended several times, and on June 2, 2020, the governor exempted cases where the owner wishes to occupy the property personally.  Proclamation by Governor Jay Inslee, No. 20-19.2 (Wash. June 2, 2020) (eviction proclamation), _____

---

[1] Nyman does not include citations to the record in her briefing in violation of RAP 10.3(a)(5).  She also discusses testimony at a show cause hearing where the transcript was not provided to us.  We have ignored facts not properly before us in the record or not acknowledged by both parties.

[2] Neither party submitted a copy of the residential lease agreement.  However, both parties agree the lease expired in July and did not automatically renew or convert to a periodic tenancy.

2

*Nyman v. Hanley*, No. 99249-5

https://www.governor.wa.gov/sites/default/files/proclamations/20-19.2%20Coronavirus%20Evictions%20%28tmp%29.pdf [https://perma.cc/8VTV-9HK9]; Proclamation by Governor Jay Inslee, No. 20-19.1 (Wash. Apr. 17, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-19.1%20-%20COVID-19%20Moratorium%20on%20Evictions%20Extension%20%28tmp%29.pdf [https://perma.cc/G9YP-7HYP].

The original eviction could not proceed as it was based on non-payment of rent. After Proclamation 20-19.2 allowed a landlord to evict a tenant in order to move into the property, Nyman served Hanley with the required 60 days' written notice of intent to occupy the unit. She requested that Hanley vacate by September 1, 2020.

Hanley's lease expired in July, and Hanley did not leave by September 1. Three days later, the CDC issued a nationwide eviction moratorium (CDC order). Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020), https://www.govinfo.gov/content/pkg/FR-2020-09-04/pdf/2020-19654.pdf [https://perma.cc/5W4D-NK2H]. The CDC order temporarily prevents evictions for a "covered person" who meets specified hardship criteria.[3] The CDC order "does not relieve any individual of any

---

[3] A tenant is a "covered person" if they declare that

3

*Nyman v. Hanley*, No. 99249-5

obligation to pay rent" and rent, fees, penalties, and/or interest may accumulate

while the moratorium is in place. *Id.* at 55,294. Hanley filed a declaration on

September 24, 2020, that he met the hardship criteria under the CDC order.

Nyman renewed her attempt to evict Hanley in October. A superior court

commissioner found that the CDC order did not apply to Hanley and issued a writ

of restitution to evict him. A superior court judge denied Hanley's revision

motion, concluding that the CDC order did not apply because Hanley breached the

lease by holding over after the lease expired. Hanley moved for an emergency stay

and direct, accelerated review, which we granted. Drew Mazzeo, Eastside Legal

---

       (1) The individual has used best efforts to obtain all available government assistance for rent or housing;

       (2) The individual either (i) expects to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), (ii) was not required to report any income in 2019 to the U.S. Internal Revenue Service, or (iii) received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

       (3) the individual is unable to pay the full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, a lay-off, or extraordinary out-of-pocket medical expenses;

       (4) the individual is using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses; and

       (5) eviction would likely render the individual homeless—or force the individual to move into and live in close quarters in a new congregate or shared living setting—because the individual has no other available housing options.

85 Fed. Reg. at 55,293 (footnotes omitted).

4

*Nyman v. Hanley*, No. 99249-5

Assistance Program,[4] Rental Housing Association of Washington, and the State

of Washington submitted amicus briefs.

Both the CDC order and the Washington eviction proclamation have since

been extended. Temporary Halt in Residential Evictions To Prevent the Further

Spread of COVID-19, 86 Fed. Reg. 34,010 (June 28, 2021),

https://www.govinfo.gov/content/pkg/FR-2021-06-28/pdf/2021-13842.pdf

[https://perma.cc/N7FA-QHWB]; Proclamation by Governor Jay Inslee, No. 20-

19.6 (Wash. Mar. 13, 2021),

https:///www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.6.pdf

[https://perma.cc/X9AS-5MTR].[5]

ANALYSIS

We review statutory and regulatory questions de novo. *Columbia*

*Riverkeeper v. Port of Vancouver USA*, 188 Wn.2d 80, 90, 392 P.3d 1025 (2017)

(citing *Jametsky v. Olsen*, 179 Wn.2d 756, 761-62, 317 P.3d 1003 (2014)). "We

interpret administrative regulations using rules of statutory construction." *Id.*

---

[4] Joining Eastside Legal Assistance Program's amici brief are Columbia Legal Services, the American Civil Liberties Union of Washington, GLMA, Yakima County Volunteer Attorney Services, Clark County Volunteer Lawyers Program, Skagit Volunteer Lawyer Program, Leona C. Bratz, Tenant Law Center, the Fred T. Korematsu Center for Law and Equality, the Washington Low Income Housing Alliance, Children's HealthWatch, Emily A. Benfer, Michael Z. Levy, Kathryn M. Leifheit, Craig E. Pollack, and David Vlahov.

[5] Superseded by Proclamation by Governor Jay Inslee, No. 21-09 (Wash. June 29, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/proc_21-09.pdf [https://perma.cc/5FLT-5THF]; see also LAWS OF 2021, chs. 115, 212.

*Nyman v. Hanley*, No. 99249-5

(citing *Overlake Hosp. Ass'n v. Dep't of Health*, 170 Wn.2d 43, 51, 239 P.3d 1095 (2010)). "Leases are contracts" and "the rules of construction that apply to contracts also apply to leases." *Seattle-First Nat'l Bank v. Westlake Park Assocs.*, 42 Wn. App. 269, 272, 711 P.2d 361 (1985). "'The intention of parties to a written contract is normally to be ascertained largely from the language of the contract.'" *Id.* at 273 (quoting *In re Estates of Wahl*, 99 Wn.2d 828, 831, 664 P.2d 1250 (1983)). As the essential facts are undisputed, we treat them as verities and apply de novo review. *See State v. Escalante*, 195 Wn.2d 526, 531, 461 P.3d 1183 (2020) (citing *State v. Lorenz*, 152 Wn.2d 22, 30, 36, 93 P.3d 133 (2004)).

The CDC order applies unless a local jurisdiction provides "the same or greater level of public-health protection." 86 Fed. Reg. at 34,015. This must be evaluated on a case-by-case basis. The parties agree that Washington's eviction proclamation does not protect Hanley from eviction, as a landlord may evict a resident with advance written notice in order to sell or personally move into a unit. But if the tenant is a "covered person," the CDC order would prevent such an eviction. Because the CDC order is more protective in that context, it would apply. Accordingly, unless Hanley is exempted from the CDC order, he cannot be evicted.

The CDC order temporarily prevents evictions of "covered persons" unless they fall under the following exclusions:

6

*Nyman v. Hanley*, No. 99249-5

> Nothing in this Order precludes evictions based on a tenant, lessee, or resident: (1) Engaging in criminal activity while on the premises; (2) threatening the health or safety of other residents; (3) damaging or posing an immediate and significant risk of damage to property; (4) violating any applicable building code, health ordinance, or similar regulation relating to health and safety; or (5) *violating any other contractual obligation*, other than the timely payment of rent or similar housing-related payment (including non-payment or late payment of fees, penalties, or interest).

*Id.* (emphasis added) (footnote omitted). The parties agree that Hanley's lease expired by its terms in July 2020 without an option to renew or continue as a periodic tenancy.[6] The question is whether holding over in the unit after the lease expired violated a contractual obligation, excluding Hanley from the protections of the CDC order. The trial court found that it did. We agree.

Hanley argues that "any other contractual obligation" should be construed narrowly to exclude "no-fault" or "passive" violations like a lease expiring. Br. of Appellant at 27-29. But the language of the CDC order does not make that distinction. The preceding terms in the list are already quite broad, so to construe the fifth term narrowly would leave it without much additional meaning.

---

[6] We stress that we are not faced with a situation where a landlord unilaterally terminated a month-to-month tenancy and attempted to evict a tenant for not vacating the premises. A previously agreed-upon expiration to a tenancy term, explicitly written in a lease agreement, is different from a termination option that may be exercised by either party. *Compare* RCW 59.12.030(1), *with* RCW 59.12.030(2); *see also FPA Crescent Assocs., LLC v. Jamie's LLC*, 190 Wn. App. 666, 676, 360 P.3d 934 (2015) (distinguishing "'expiration of the term for which [the property] is let' from a unilateral termination" (alteration in original) (quoting RCW 59.12.030)). The CDC order does not permit evictions for "trespass" or "similar state-law offense" where the underlying basis is a covered person remaining in the property after the landlord has sought to unilaterally terminate the lease in violation of the CDC order. *See* 86 Fed. Reg. at 34,015.

7

*Nyman v. Hanley*, No. 99249-5

Under the plain language of the CDC order, "*any other* contractual obligation" includes the requirement to vacate when a lease term expires. 86 Fed. Reg. at 34,015 (emphasis added). Whether or not a contractual provision has been violated will, by definition, depend on the contract. While we do not have the contract here, the parties agree that by its terms, Hanley was required to vacate the unit when the lease expired automatically in July 2020. Holding over after expiration may not always violate a contractual obligation, but based on the contract here it does. Hanley violated this contractual obligation and is therefore exempt from the protections of the CDC order.[7]

CONCLUSION

We hold that Hanley violated a contractual provision when he held over in his unit past the explicit expiration of his lease term. While the CDC order may be more protective than Washington's eviction proclamation in some instances, it does not apply here. Accordingly, we affirm the trial court and lift the stay of the writ of restitution.

---

[7] Given our disposition, we do not reach Nyman's constitutional arguments.

8

*Nyman v. Hanley*, No. 99249-5

Gonzalez, C.J.

WE CONCUR:

Johnson, J.

Gordon McCloud, J.

Madsen, J.

Yu, J.

Owens, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.