**FILED**
**NOVEMBER 15, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| TERRY HERRIN and PATRICIA HERRIN, husband and wife, | ) ) ) | No. 38483-7-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| DATAWAVE SERVICES (U.S.), INC., a corporation, | ) ) ) ) | |
| Appellant. | ) | |

STAAB, J. — Terry and Patricia Herrin executed a promissory note secured by a

deed of trust in favor of Datawave Services, Inc. According to the note, the principal and

interest were due on or before the third anniversary of the note. The Herrins made an

initial payment and then failed to make any further payments or pay off the balance.

Datawave Services failed to pursue any remedy. Seven years after the final payment was

due, the Herrins sued to quiet title in the secured real property and moved for summary

judgment, asserting expiration of the statute of limitation for collection of the debt.

Datawave Services countered that the statute of limitations had not commenced because it

had never declared the debt in default. The superior court granted summary judgment in

favor of the Herrins, and Datawave Services appealed.

We hold that the note fully matured when the balance was due three years after execution, providing Datawave with a cause of action and triggering the six-year statute of limitations. The statute of limitations period expired when Datawave failed to file suit within that time period. We affirm the trial court's order granting summary judgment to the Herrins but deny them attorney fees on appeal because the issue was insufficiently briefed.

## BACKGROUND

Because this issue was decided on summary judgment, the following facts are set forth in a light most favorable to the nonmoving party, Datawave Services.

On October 31, 2009, Terry and Patricia Herrin executed a promissory note for $20,000 at five percent interest that was secured by a deed of trust in favor of Datawave Services and associated with certain real property owned by the Herrins in Dayton, Washington.

The promissory note at paragraph 2 reads:

*Term and Payment.* Subject to paragraph 5 of this note, Makers shall make an initial payment of $1,000.00 to Holder no later than November 1, 2009. The remaining principal of this note, and all interest accrued thereon, shall be paid in full on or before the third (3rd) anniversary of the date of this note.

Clerk's Papers (CP) at 14. Paragraph 4 of the promissory note allowed the Herrins to determine the time and amount of all other "prepayments" without penalty. Paragraph 5 sets forth terms for default:

> Makers [Herrins] shall be in default hereunder upon the occurrence of any of the following events (each an "Event of Default): *(i)* makers fail to make payments when required hereunder, but only if such failure continues for three (3) days after Makers receive written notice from Holder of the failure; *(ii)* Makers file a petition for relieve under [chapter 11 of the bankruptcy code] . . .; *(iii)* Makers are served with an involuntary petition for relief under [chapter 11 of the bankruptcy code] . . .; or *(iv)* Makers are in default under the deed of trust securing this note. *In the event Makers are in default hereunder, the due date for payment of the entire unpaid principal balance of this note (and all other amounts required to be paid hereunder) shall accelerate* and shall be immediately due and payable; . . . and Holder may at any time thereafter pursue all remedies available to a secured party under the Washington's Deed of Trust Act.

*Id*. (emphasis added).

A deed of trust executed by the Herrins the same day provided for a trustee sale "[u]pon default by Grantor in the payment of any indebtedness secured hereby, in the performance of any of the terms or provisions of the Agreement, or in the performance of any agreement contained herein, all obligations secured hereby shall immediately become due and payable at the option of Beneficiary." *Id*. at 21.

In 2019, the Herrins sued Datawave Services to quiet title to the real property secured by the deed of trust, alleging that the statute of limitations on the underlying debt

3

had expired.  Two years later, the Herrins moved for summary judgment.  It is undisputed

that, after tendering the initial $1,000 payment, the Herrins made no further payments on

the debt.  It is also conceded that Datawave Services never declared default or sent the

Herrins a written notice of failure to pay.

The trial court judge granted summary judgment.  In an email to counsel

announcing her ruling, the judge commented:

> I am granting the Plaintiff's Motion for Summary Judgment.  There are no
> genuine issues as to any material fact.  Additionally, to interpret the contract
> and terms of default in the manner proposed by the defense would render
> the statute of limitations meaningless.  The terms of payment have long
> expired.  This matter commenced December 2, 2019 over an Oct. 31, 2009
> promissory note that was to be paid in full by Oct. 31, 2012.  An Answer
> was not even filed until June 22,2021 and it's still the position of the
> defense that no default has occurred.  As noted in the Plaintiff's briefing,
> "Through the statute of limitations, our judicial system balances the goal of
> the common law to provide a remedy for every genuine wrong while
> recognizing, at the same time, that compelling one to answer stale claims in
> the courts is in itself a substantial wrong." *Citing* <u>Ruth v. Dight</u>, 75 Wn.2d
> 660, 665, 453 P.2d 631 (1969).

CP at 81.

## ANALYSIS

The primary issue before us is whether the statute of limitations began to run under

the terms of the promissory note.  Datawave contends that the statute of limitations does

not commence until a cause of action arises, and according to the note, a cause of action

4

cannot arise until Datawave declares a default and provides the Herrins an opportunity to cure. It is Datawave's position that, since it did not declare a default, the statute of limitations has not started running. The Herrins argue that the note provided for payment in full by a specific date, and the statute of limitations began to run on that date. Since they filed quiet title action more than six years after this due date, the statute of limitations had run, and the note is not enforceable. Therefore, it is the Herrins' position that the deed of trust securing performance of the note should be removed from the title.

"A motion for summary judgment is properly granted where there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." *U.S. Bank Nat'l Ass'n as Trustee of Holders of Adjustable Rate Mortgage Trust 2007-2 v. Ukpoma*, 8 Wn. App. 2d 254, 258, 438 P.3d 141 (2019) (citing CR 56(c)). Summary judgment rulings undergo de novo review of the same inquiry before the trial court. *Id*. (citing *Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wn.2d 274, 281, 313 P.3d 395 (2013)). Factual inferences are drawn in favor of the nonmoving party, in this case Datawave Services. *Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 759, 434 P.3d 84 (2018).

Here, the material facts are not in dispute. "The interpretation of an unambiguous contract is a question of law and may be resolved on summary judgment." *In re Estates*

5

*of Wahl*, 99 Wn.2d 828, 831, 664 P.2d 1250 (1983). The construction of a contract

provision is a matter of law reviewed de novo. *Tyrrell v. Farmers Ins. Co. of Wash.*, 140

Wn.2d 129, 133, 994 P.2d 833 (2000). Whether a statute of limitation bars an action is

also reviewed de novo. *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423,

435, 382 P.3d 1 (2016).

Contract interpretation gives effect to all of the words of the contract as a

manifestation of the parties' intent. *GMAC v. Everett Chevrolet, Inc*., 179 Wn. App. 126,

135, 317 P.3d 1074 (2014). "The intention of parties to a written contract is normally to

be ascertained largely from the language of the contract." *Wahl*, 99 Wn.2d at 831.

"Documents executed together [ ] are to be construed together." *Id*. If contract language

is clear and unambiguous, the court must enforce the contract as written; it may not

modify the contract or create ambiguity where none exists. *McDonald v. State Farm Fire

& Cas. Co.,* 119 Wn.2d 724, 733, 837 P.2d 1000 (1992); *Ross v. Harding*, 64 Wn.2d 231,

237, 391 P.2d 526 (1964).

Under RCW 7.28.300, an owner/borrower is entitled to quiet title on a real

property deed of trust where the statute of limitations has expired on the underlying

promissory note it secures. *See also Terhune v. N. Cascade Tr. Servs., Inc.*, 9 Wn. App.

2d 708, 446 P.3d 683 (2019); *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 7 Wn.

App. 2d 473, 482, 434 P.3d 554 (2019) ("If the statute of limitations has expired on a promissory note secured by a deed of trust on real property, the owner is entitled to quiet title on the property").  Promissory notes and deeds of trust are subject to a six-year statute of limitation that commences when a party is entitled to enforce the obligations of the note; statute of limitations accrues for each monthly installment when due.  RCW 4.16.040(1); *Edmundson v. Bank of Am.*, 194 Wn. App. 920, 927, 931, 378 P.3d 272 (2016) (note not accelerated); *Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784, 239 P.3d 1109 (2010) (statute of limitation commenced on date of maturity).

Installment notes provide for partial payments and a future "maturity" date for payment in full.  *Merceri*, 4 Wn. App. 2d at 759.  A cause of action accrues for each installment as it becomes due.  *Terhun*, 9 Wn. App. 2d at 718 (citing *Cedar W. Owners Ass'n*, 7 Wn. App. 2d at 484).  If an installment note is accelerated, the entire balance becomes due and the statute of limitations for all payments is triggered.  *Id*. at 718-19.  Otherwise, the final limitations period on the installment note does not begin to run until the note fully matures.  *Id*. at 718.

As framed by the parties, the question before us is whether the second sentence of paragraph 2 of the note contains the natural maturity date of the note, or as Datawave Services argues, merely a final payment subject to the default provisions of paragraph 5.

7

In other words, Datawave contends that regardless of maturity, a cause of action did not accrue until Datawave declared the note in default. Again, paragraph 2 provides:

> ***Term and Payment.*** Subject to paragraph 5 of this note, Makers shall make an initial payment of $1,000.00 to Holder no later than November 1, 2009. The remaining principal of this note, and all interest accrued thereon, shall be paid in full on or before the third (3rd) anniversary of the date of this note.

CP at 14. Paragraph 5 of the note is a debt acceleration mechanism triggered by four different means, including failure to pay when required after written notice of default by Datawave Services.

The acceleration and default provisions of paragraph 5 apply to the initial payment required by the first sentence of paragraph 2. The second sentence in paragraph 2 sets forth a final due date for payment of all remaining principal. Given the separation between the first and second sentences, the default and acceleration provisions of paragraph 5 do not apply to the second sentence in paragraph 2. Additionally, the second sentence reads as a debt cutoff and does not read in a manner establishing another payment amount as part of a payment plan. Paragraph 4 affords the Herrins discretion as to the timing and amount of all other interim payments, which supports the interpretation that the paragraph 5(i) default provision only applies to the first payment because the first payment is the only "required" payment.

The second sentence of paragraph 2 establishes the term of the debt and notifies the debtor when the entire balance is due. Contrary to Datawave's argument, it establishes the note's maturity, not simply a final payment subject to acceleration. Notably, once the entire debt is due, declaring a default and accelerating the debt would be redundant. We decline to overlook the maturity date or adopt an interpretation that renders any part of the contract absurd or meaningless. *Spectrum Glass Co. v. Pub. Util. Dist. No. 1 of Snohomish County*, 129 Wn. App. 303, 312, 119 P.3d 854 (2005). The *Merceri and Terhune* cases cited by Datawave are distinguishable. In both cases, the debt was not accelerated, and the maturity date had not passed. Consequently, the statute of limitations on the entire debt in those cases had not commenced. *See Merceri*, 4 Wn. App. 2d at 760; *Terhune*, 9 Wn. App. 2d at 723.

According to paragraph 2, the note matured, and the entire debt owed by the Herrins was due three years after the note was executed. When the debt was not paid in full, Datawave's cause of action accrued and the six-year statute of limitations began to run. When Datawave failed to file suit within that period, it lost its opportunity to collect on the debt. Because Datawave can no longer collect on the debt, the Herrins are entitled to quiet title on the property encumbered by the deed of trust.

9

The second issue we address is whether the Herrins, as prevailing parties, are entitled to attorney fees pursuant to the promissory note. Datawave Services does not appeal the award of attorney fees to the Herrins at the trial court level, so those need not be addressed. Datawave Services and the Herrins both request attorney fees on appeal under RAP 18.1.

Under RAP 18.1, if applicable law grants a party the right to recover attorney fees on review, "the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court." RAP 18.1(a). In addition, the party "must devote a section of its opening brief to the request for the fees or expenses." RAP 18.1(b).

Rule 18.1 "requires more than a bald request for attorney fees on appeal." *In re Marriage of Coy*, 160 Wn. App. 797, 808, 248 P.3d 1101 (2011) (citing *Thweatt v. Hommel*, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992)); *see also Dep't of Labor & Indus. v. Kaiser Alum. & Chem. Corp.*, 111 Wn. App. 771, 48 P.3d 324 (2002) (denying attorney fee request when the party requesting them simply quoted RAP 18.1 with no further explanation). For a court to appropriately award attorney fees, argument and citation to authority are required under the rule. *Coy*, 160 Wn. App. at 808 (citing *Austin v. U.S. Bank of Wash.*, 73 Wn. App. 293, 313, 869 P.2d 404 (1994)).

No. 38483-7-III
*Herrin v. Datawave Services (U.S.), Inc.*

The Herrins request reasonable attorney fees and costs incurred in this appeal pursuant to RAP 18.1(a). The request for attorney fees was provided in its own section as required by the rule; however, the Herrins fail to provide an adequate or specific argument to support an award of attorney fees. The Herrins' reference the language of the promissory note without further explanation or reference to the deed of trust.

We affirm the superior court's order granting summary judgment to the Herrins but decline to award the Herrins attorney fees on appeal.

Affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                                              Lawrence-Berrey, J.

11